21 Ill.2d 153 (1961)
171 N.E.2d 660
THE PEOPLE ex rel. SCHOOL DISTRICT 118 et al., Petitioners,
v.
LEONARD O. REINHARDT, County Treasurer et al., Respondents.
No. 35754.
Supreme Court of Illinois.
Opinion filed January 20, 1961.
SAM S. PESSIN, ROGERS D. JONES, EUGENE H. WIDMAN, and HOWARD BOMAN, all of Belleville, for petitioners.
JOHN J. HOBAN, State's Attorney, and WILLIAM D. STIEHL, both of Belleville, for respondent St. Clair County, and WAGNER, CONNER, FERGUSON, BERTRAND & BAKER, of East St. Louis, (HAROLD G. BAKER, JR., and JOHN M. FERGUSON, of counsel,) for other respondents.
Petition dismissed.
Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:
The petitioners in this original mandamus action are certain school districts in St. Clair County and their treasurers; the city of Belleville and its treasurer, and two individual taxpayers. The defendants are Leonard O. Reinhardt, county treasurer and ex officio county collector of St Clair County; Maryland Casualty Co., the surety on his bond, and the county of St. Clair. We allowed the motion for leave to file the original petition for mandamus and directed that summons issue. Answers and briefs were filed and the cause has been heard upon oral arguments. *154 Consideration of the briefs and the arguments has satisfied us that the petition must be dismissed.
The issues sought to be raised relate to certain funds, alleged to be in excess of $4,000,000, which are held by the defendant county collector. These funds were paid to him under protest by taxpayers of the petitioning municipalities and other taxing bodies in the county. One phase of the matter concerns the time when the collector should distribute these funds to the taxing bodies. The petitioners assert that it is his duty to pay at once, to the taxing bodies involved, the moneys paid to him under protest, and that he has refused to do so. They rely primarily on the provision of section 194 of the Revenue Act, which authorizes taxpayers to pay contested taxes under protest, and provides: "No protest, or specification of the application of the payment of any tax shall be taken into account or be a cause of delay in the distribution of tax collections among the taxing bodies, but it shall be the duty of the collector to deduct from the taxes of any taxing body for any year the amount of any tax for any year held illegal by the final order of a court, and use the amount deducted to equalize the distribution." Ill. Rev. Stat. 1959, chap. 120, par. 675.
The crux of the collector's position is that he can not make distribution of taxes paid to him under protest until the legality of those taxes has been judicially determined. He points to other statutory provisions which cast serious doubt upon the asserted right of the taxing bodies to receive taxes paid under protest before their validity has been adjudicated, and particularly to section 300 of the Revenue Act which makes it his duty to refund the amount of any tax paid under protest "immediately" after a judgment holding the tax invalid becomes final. Ill. Rev. Stat. 1959, chap. 120, pars. 781, 716, 688, 679, 676.
Some of the funds paid under protest have been invested and have drawn interest, and another phase of the controversy involves competing claims to the interest that *155 has been collected. The petitioning school districts allege that by statute they are entitled to interest upon the amount of school taxes collected and not paid over to them. (Ill. Rev. Stat. 1959, chap. 36, par. 29.) The city of Belleville claims interest "on their portion of said tax protest funds for the reason that said funds should have been distributed to them within a reasonable time" after the collector received them. St. Clair County claims to be entitled to all interest on the funds paid under protest, except such amount as is payable to the school districts. Maryland Casualty Co. is joined as a defendant because it has notified the county collector not to pay out the tax moneys received under protest until the objections to the legality of the protested taxes have been adjudicated.
The petitioners seek to justify the exercise of original jurisdiction on two grounds: (1) that the case is one "relating to the revenue," and (2) that it is a mandamus action. (Const. art. VI, sec. 2.) Insofar as jurisdiction is sought to be based upon the subject matter involved, it is settled that a controversy between two or more governmental agencies with respect to taxes already collected is not a case "relating to the revenue." (People v. Holten, 259 Ill. 219; Reed v. Village of Chatsworth, 201 Ill. 480.) These cases, and many others to the same effect, arose under the provisions of Practice Acts which regulated the jurisdiction of this court upon direct appeal. (Cf. Ill. Rev. Stat. 1959, chap. 110, par. 75.) But the same words are used in the constitutional grant of original jurisdiction, and we see no reason why they should be given a different meaning.
Insofar as original jurisdiction is sought to be predicated upon the nature of the remedy sought, the facts before us show that the action can not be maintained in its present form. We pass over the problems that stem from the absence of any allegations of specific amounts of principal or interest that are claimed by any of the petitioners, (cf. Bengson v. City of Kewanee, 380 Ill. 244,) in order to *156 reach at once a more serious difficulty, the absence of indispensable parties.
The petitioning taxing bodies assert their right to have taxes that have been challenged as illegal, and therefore paid under protest, distributed to them before the legality of those taxes has been judicially determined. The opposing interest is the right of those persons who attacked the legality of the taxes, and paid them under protest, to have the funds so paid remain intact in the hands of the collector so that they will be immediately available for refunds if the objections to the taxes are sustained. That opposing interest is not represented in this case. As the collector points out, in his official capacity he is no more than a stakeholder, upon whom competing demands have been made. Indeed the petitioners recognize this by stating that "County Collectors are caught between demands of large tax objectors to withhold and demands of taxing districts to distribute."
"In a proceeding for mandamus, when a party is shown by the petition to have a legal interest in the right or duty sought to be enforced by the writ and that the rights of such party will be collaterally determined by the judgment if rendered as prayed in the petition, the cause should not be adjudicated until such party shall be made respondent thereto, when, as in the case at bar, he is shown to be within the jurisdiction of the court." (Powell v. People ex rel. Hedrick, 214 Ill. 475, 479.) It is clear that this original action can not be maintained in its present form. We have considered whether we should retain jurisdiction and continue the matter so that the necessary parties could be joined, (cf. Ill. Rev. Stat. 1959, chap. 110, par. 26,) and the necessary amendments to the petition be made. We have concluded that the steps necessary to put the matter in proper posture for decision can be taken more conveniently and expeditiously in a trial court.
The petition for mandamus is therefore dismissed.
Petition dismissed.