DORA BLOOM, Plaintiff-Appellee, v. THE VILLAGE OF BUDA *et al.*, Defendants (Arvell Barnett *et al.*, Defendants-Appellants).

Third District    No. 3—86—0019

Opinion filed July 31, 1986.

Ann Burkey, of Pierson, Maloney & Rayfield, of Princeton, for appellants.

Fred Potter, of Potter & Comba, of Princeton, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court denied the appellants', Arvell and Barbara Barnett's, section 2—611 motion for attorney fees from the plaintiff, Dora Bloom. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) The Barnetts appeal. We affirm.

On August 13, 1985, the plaintiff filed suit against the village of Buda, its mayor and board of trustees, and the Barnetts. The plaintiff asked for issuance of a writ of *mandamus* compelling the village to remove three trees from an alley abutting her property and compelling the village to require the Barnetts not to park their vehicles in the alley.

The Barnetts subsequently filed a motion to dismiss themselves as defendants. The trial court granted the motion on September 26, 1985. On October 10, 1985, the trial court dismissed the cause as to all parties.

The Barnetts then filed a motion to tax attorney fees and costs. In it they alleged that "no conceivable set of facts and circumstances as alleged by the plaintiff could have resulted in any type of judgment, based upon the legal theory as propounded by the plaintiff." Accordingly, they requested that the trial court order the plaintiff to pay their attorney fees and costs under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). The trial court denied the motion, finding that the plaintiff's allegations, though insufficient to maintain her action, were true and made with reasonable cause. The Barnetts brought the instant appeal.

The issue before us, albeit phrased in terms other than those used by the Barnetts, is whether the trial court improperly denied the Barnetts' motion for fees and costs. We find no impropriety.

▮ We first find that the plaintiff properly joined the defendants in her action. While a writ of *mandamus* will not issue against private individuals as such (*People ex rel. Wilson v. Mottinger* (1904), 212 Ill. 530, 72 N.E. 906), it is proper to join private parties when their cooperation is necessary to effectuate the writ or when their legal interests may be collaterally determined. *People ex rel. Meeker v. City of Casey* (1926), 241 Ill. App. 91; *People ex rel. School District 118 v. Reinhardt* (1961), 21 Ill. 2d 153, 171 N.E.2d 660.

▮ In the instant case, had the writ of *mandamus* issued, it

would have affected the Barnetts' right to park their cars in the alley and required their cooperation in keeping their cars out of the alley. We find that they were therefore properly joined as defendants.

We further find that the allegations made by the plaintiff in her complaint did not fall within the parameters of section 2—611's provision for awarding costs and fees to victims of vexatious pleadings. Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

■■ ■ Section 2—611 should not be construed to permit awarding attorney fees whenever a motion to dismiss is granted; the application of the paragraph is limited to cases where a party has abused its right to free access to the courts by pleading untrue statements of the fact which the party knew or reasonably should have known were untrue. (See *Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 417 N.E.2d 167.) Section 2—611 may be invoked only in cases falling strictly within the terms of its authorization. (*Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 425 N.E.2d 1060.) Deciding whether to allow a motion for expenses under this paragraph is within the sound discretion of the trial court. The granting or denial of such penalties will not be overturned unless it can be shown that the court abused its discretion. *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 417 N.E.2d 1297.

■ The trial court herein stated that it was dismissing the plaintiff's cause of action because the complaint was missing the essential element of showing that the street was opened or improved by the city, or in long-time public use. The court also expressly found that an award of fees and costs was inappropriate in that while the plaintiff's allegations were insufficient, they were true and made with reasonable cause.

We have examined the record and find nothing which convinces us that the trial court abused its discretion.

Accordingly, we affirm the judgment of the circuit court of Bureau County.

Judgment affirmed.

SCOTT, P.J., and BARRY, J., concur.