BARBARA J. WREN, Plaintiff-Appellant, v. THOMAS FEENEY *et al.*, Defendants-Appellees.

Third District   No. 3—88—0006

Opinion filed November 23, 1988.

HEIPLE, J., dissenting.

Martin T. Spiegel, of Stephen Masters & Associates, of Joliet, for appellant.

Ackman, Marek, Boyd & Bigott, Ltd., of Kankakee, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Barbara J. Wren filed a medical malpractice action against defendant Dr. Thomas Feeney on October 23, 1987, alleging that he had treated her from 1963 to 1981. Defendant's motion to dis-

miss the cause of action because it was barred by the four-year statute of limitations was granted by the trial court, and upon motion of defendant, the court ordered plaintiff to pay $427 in fees and costs as a sanction for violation of section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). Plaintiff appeals from the order imposing a sanction.

Section 2—611 was extensively revised in 1986. Previously this section authorized sanctions against the party where allegations were made "without reasonable cause and found to be untrue." As amended in 1986, the statute now provides that the person signing a pleading certifies "that to the best of his knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and *is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

██ Plaintiff argues that there were no untrue facts alleged in the complaint, that the statute of limitations must be ̀ pleaded as an affirmative defense, and thus that it was error to impose section 2—611 sanctions. Plaintiff cites *Bloom v. Buda* (1986), 145 Ill. App. 3d 957, 496 N.E.2d 361, where this court held that not every motion to dismiss will result in an award of attorney fees under the pre-1986 version of the statute. That case and others interpreting the previous statute are not controlling in the case at bar. See Ill. Ann. Stat., ch. 110, par. 2—611, Supplement to Historical and Practice Notes, at 19-20 (Smith-Hurd Supp. 1988).

██ Prior to the 1986 amendment, sanctions could be applied only when the factual allegations of the complaint were false. Now, sanctions are also appropriate when a pleading is not warranted by law. Such was plainly the case here. Plaintiff's attorney, after reasonable inquiry, should have determined that any cause of action against Dr. Feeney was barred. Having failed to do so, Dr. Feeney was put to needless expense and counsel had to be retained to respond to a malpractice action that should not have been commenced. The fact that defendant's appropriate response was a motion to dismiss does not lessen the violation of this statute by plaintiff. We note that plaintiff does not claim that the motion to dismiss was improperly granted.

██ Plaintiff also refers to section 2—611.1 of the Code of Civil Procedure, which specifically governs untrue statements in medical malpractice actions. According to the report of proceedings included in the record of the case at bar, the motion and arguments before the trial court concerned section 2—611. Section 2—611.1 cannot be asserted as grounds for reversal on appeal when it was not argued in

the trial court, and it would not be applicable to this case in any event.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER, J., concurs.

JUSTICE HEIPLE, dissenting:

In the instant case, the plaintiff's malpractice action was dismissed because it was barred by the four-year statute of limitations. The majority seeks to impose attorney fees and costs on the plaintiff by relying on the 1986 revisions to section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). I cannot agree with the majority's interpretation of section 2—611. The plaintiff's failure to meet the statute of limitations does not warrant the imposition of sanctions.

Section 2—611, as amended in 1986, provides in pertinent part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the *pleading, motion or other paper*; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

Initially, it is important to point out that Illinois follows the common law rule that statutes which are penal in nature must be strictly construed. (*Ritter v. Ritter* (1943), 381 Ill. 549, 552-53, 46 N.E.2d 41.) Thus, a strict reading of section 2—611 awards sanctions when the movant demonstrates that a party has *pleaded* untrue or groundless statements without reasonable cause. Section 2—611 pertains to pleadings and not to affirmative defenses like the statute of limitations in the present case.

It is well settled that the statute of limitations is not at issue until it is raised by the defendant in either an answer or motion to dismiss. (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177.) Correspondingly, the plaintiff is not required to allege or plead facts which demonstrate the action was brought within the prescribed time. (*Cutsinger*, 72 Ill. App. 3d at 531.) Hence, the plaintiff in the case at hand had the right to sue whether or not the statute of limitations

had expired. It was up to the defendant to raise the statute of limitations as an affirmative defense.

It is true, as the majority points out, that section 2—611 was extensively revised in 1986. Neither the language of the revisions nor sound policy, however, dictates that sanctions should be imposed in the instant case. Section 2—611 sanctions should only be authorized when a party abuses the process or makes untrue statements in his pleadings. The plaintiff in the case at bar has done neither. Accordingly, I dissent.