**MANVILLE SALES CORPORATION**

v.

**PARAMOUNT SYSTEMS, INC., et al.**

**Civ. A. No. 86–4157.**

United States District Court,
E.D. Pennsylvania.

Nov. 29, 1988.

Joseph A. McGinley, George J. Lavin, Jr. Associates, Philadelphia, Pa., and Ernie L. Brooks, Brooks & Kushman, Southfield, Mich., Thomas Lewry, for plaintiff.

Manny D. Pokotilow, Philadelphia, Pa., Max Goldman, Robert S. Butterworth & Anthony J. Disimone, for Paramount Systems, Inc.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is an appeal by Manville Sales Corp. (Manville) of the Order of United States Magistrate Edwin E. Naythons entered August 5, 1988, imposing sanctions against Manville pursuant to Fed.R.Civ.P. 11. Manville has appealed the order pursuant to Rule 7(IV)(a) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania and Fed.R.Civ.P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). This court "shall set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Local Rule 7(IV)(a); *see also* Fed.R.Civ.P. 72(a).

Magistrate Naythons ordered sanctions entered against Manville upon motion by the defendants in this patent infringement action in which the defendants sought sanctions pursuant to Fed.R.Civ.P. 37(d) against Manville for testifying falsely under oath, withholding discovery information, and for misleading the court through misrepresentations and withholding of information in its brief. *See Manville Sales Corp. v. Paramount Systems, Inc.*, No. 86–4157, slip op. at 1 (August 4, 1988) [1988 WL 82879].

The magistrate's Order was the result of a discovery dispute between the parties which focused on the release of a videotape produced by Manville from the confidentiality restrictions of a protective order entered in this action. Defendants filed a motion on February 2, 1988 to declassify the videotape, which compared the product of the Holophane Division (Holophane) of Manville with the product of Paramount Systems, Inc. (Paramount). In its response, filed on February 19, 1988, Manville stated that the videotape was intended solely for internal use and never shown to anyone outside of Holophane. Subsequently, Manville offered to withdraw its opposition to the motion to declassify the tape immediately before a deposition of one of Holophane's salesmen on February 29, 1988, and the motion to declassify was granted by this court in an Order filed March 4, 1988.

In his Memorandum and Order Magistrate Naythons found that Manville failed to fully and completely respond to defendants' discovery requests and had withheld both a document regarding comparative testing of the parties' products and a videotape comparison. The magistrate further found that the certification of counsel for Manville in its response to the motion to declassify the tape, that the tape was confidential and never shown to anyone outside of Holophane, was "completely false and contradictory to the facts in this case." *Manville*, slip op. at 1. The magistrate set forth the relevant standard for analyzing a Rule 11 violation, then entered sanctions under Rule 11 against Manville in the form of costs and counsel fees, and further or-

dered counsel for Manville to forward a copy of his present Memorandum and Order, his Memorandum and Order of May 23, 1988, and his Order of July 19, 1988 to the president of Manville and to forward a copy of the receipt to the magistrate. *Id.* at 4–5.

Magistrate Naythons concluded that Rule 11 sanctions against Manville were warranted. The magistrate's legal discussion set forth the standard of objective reasonableness for analyzing the issue of counsel for Manville's compliance with the requirement of a reasonable investigation of the facts and a competent level of legal research. *See id.* at 3 (citing *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986)). This court concurs in the magistrate's statement of the relevant law to be applied in analyzing the appropriateness of Rule 11 sanctions. As recently stated, in Rule 11 cases "courts must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir.1988). The Third Circuit has additionally stated that "Rule 11 is intended for only exceptional circumstances." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) (quoting *Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N*, 832 F.2d 31, 32 n. 1 (3d Cir. 1987)).

Thomas Lewry, counsel for Manville and under whose direction the response to defendants' motion to declassify was prepared, stated by affidavit that he had no knowledge that the representations in Manville's response and memorandum in support of its response in opposition to defendants' motion to declassify the videotape were false. *See* Manville's Appeal of Magistrate Naythons' August 5, 1988 Memorandum and Order, Exhibit B at ¶ 4, 6. Furthermore, Mr. Pokotilow, counsel for defendants stated at oral argument that he was confident that Mr. Lewry, counsel for Manville, was not dishonest and was not responsible for any intentional falsehoods.

■ Nevertheless, the standard for Rule 11 is one of objective reasonableness, not

the subjective good faith of counsel. *See Gaiardo*, 835 F.2d at 482. The statements in Manville's response and memorandum in support of its response, to the effect that the videotape was never shown to anyone outside of employees of Holophane or Manville, are totally consistent with the prior sworn deposition testimony of Randall P. Crothers, the employee of Holophane who produced the videotape and stated that he had sole custody of the only copies of the tape not provided to the parties' counsel. *See* Defendants' Response Brief in Opposition to Manville's Appeal of Magistrate Naythons' August 5, 1988 Memorandum and Order, Exhibits 1C, 1D.

■ Moreover, Mr. Pokotilow, counsel for defendants, conceded at oral argument before this court that if he were faced with similar circumstances, he would probably have responded in the same manner as counsel for Manville did. In light of Mr. Pokotilow's implicit concession of the reasonableness of the actions of counsel for Manville, and based on the oral argument of the parties on this matter, I conclude that counsel's reliance on his independent questioning of the employee who produced and was responsible for the videotape, as well as his reliance on that employee's sworn deposition testimony that the tape was never shown to anyone outside of Holophane, was objectively reasonable under the circumstances at the time Manville's response in opposition to the motion to declassify was filed. Therefore, it is my conclusion that counsel for Manville did not violate Rule 11, and sanctions pursuant to that rule are accordingly unwarranted.

However, while an entry of sanctions pursuant to Rule 11 was contrary to law, and will be set aside, sanctions may be appropriate under Fed.R.Civ.P. 37(d) or other provisions of the Federal Rules or laws of the United States. Therefore, defendants' motion for sanctions against the plaintiff for misrepresentation and withholding of discovery information will be remanded to Magistrate Naythons to conduct any further hearing he deems necessary and to make appropriate findings of fact and conclusions of law.

An order follows.

### ORDER

AND NOW, this 23rd day of November, in consideration of plaintiff's appeal of Magistrate Naythons' Memorandum and Order entered August 5, 1988, defendants' response thereto, and for the reasons stated in the foregoing Memorandum, it is ORDERED that Magistrate Naythons' Memorandum and Order entered August 5, 1988 imposing sanctions against plaintiff pursuant to Fed.R.Civ.P. 11 is VACATED, and defendants' motion for sanctions against the plaintiff for misrepresentation and withholding of discovery information is REMANDED to Magistrate Naythons to conduct any further hearing he deems necessary and to make appropriate findings of fact and conclusions of law.