**Regina RILEY, as parent and guardian of minor, Raymond Charles**

v.

**CITY OF PHILADELPHIA, et al.**

**Civ. A. No. 90–1713.**

United States District Court,
E.D. Pennsylvania.

April 1, 1991.

Ronald K.M. Williams, Philadelphia, Pa., for plaintiff.

John B. Day, Philadelphia, Pa., for defendants.

JAMES McGIRR KELLY, District Judge.

The court has considered the unrebutted testimony of the defendant and movant Nancy Beam Winter presented at the hearing on March 25 and 26, 1991 in relation to the Motion of Defendant Nancy Beam Winter for Imposition of Attorney's Fees and is now prepared to make its Findings of Fact and Conclusions of Law and decision.

## FINDINGS OF FACT

1. This case was originally filed in state court to redress alleged negligent and willful actions taken in connection with the state court criminal prosecution of the plaintiff's son, Raymond Charles.

2. The complaint was removed to federal court on March 12, 1990 by the defendant City of Philadelphia as a 42 U.S.C. § 1983 action.

3. The plaintiff alleged in her complaint that the three witness/complainants in the state court prosecution, the two assistant district attorneys in the state court prosecution, the City of Philadelphia, and the two police officers involved in the investigation of the plaintiff's son violated the plaintiff's son's constitutional rights by criminally prosecuting him in state court.

4. On May 26, 1987, the plaintiff's son was convicted of burglary and two simple assault counts.

5. On June 5, 1987, the Motion for Arrest of Judgment was granted in favor of the plaintiff's son.

6. Defendant Nancy Beam Winter was one of the assistant district attorneys responsible for handling the case against the plaintiff's son and was sued in her official capacity as district attorney.

7. Fincourt B. Shelton, Esquire was the attorney for the plaintiff's son during the state court prosecution and the attorney of record for this suit as well.

8. Uncontradicted testimony presented at the hearing described the conduct of Mr. Shelton towards Ms. Winter during the state court proceedings as vituperative; throughout the trial, he made statements such as that she was a "white bitch," she should "rot in hell," and that "God will get you for this."

9. On March 15, 1990, Ms. Winter was served with this complaint.

10. Mr. Shelton was attempting to harass Ms. Winter by filing this suit against her.

11. On April 17, 1990, Ms. Winter filed her answer to the complaint.

12. On May 24, 1990, Ms. Winter's counsel, Assistant District Attorney Sarah B. Vandenbraak sent Mr. Shelton a letter explaining the defense of absolute immunity for prosecutors, which made the plaintiff's claims against Ms. Winter groundless.

13. A proposed stipulation for voluntary dismissal of the claim against Ms. Winter was enclosed for Mr. Shelton to sign.

14. Ms. Vandenbraak never received a copy of the signed stipulation.

15. On July 24, 1990, Ms. Vandenbraak called Mr. Shelton, during which phone call, Mr. Shelton agreed to dismiss the case.

16. Also during the July 24, 1990 phone call, Mr. Shelton stated that he had told his associate to send the stipulation and assumed it had been done.

17. No stipulation was received after this phone call by Ms. Vandenbraak, this Court or the city solicitor representing the other parties.

18. On September 24, 1990, two months after the phone call to Mr. Shelton, Ms. Winter filed a Motion for Judgment on the Pleadings, contending that she was protected by absolute immunity.

19. On October 2, 1990, Mr. Shelton's associate, Ronald K.M. Williams, Esquire, sent to Ms. Vandenbraak a letter with a copy of a stipulation signed by Mr. Williams that was dated June 10, 1990. This signed stipulation was never received by Ms. Vandenbraak.

20. Mr. Williams did not explain in the letter why, after the July 24, 1990 phone call alerted Mr. Shelton to the fact that this stipulation allegedly dated June 10, 1990 was not received by the district attorney's office, Mr. Shelton did not send another stipulation, as agreed.

21. On October 16, 1990, this Court dismissed Ms. Winter's unopposed Motion for Judgment on the Pleadings due to the communication that a stipulation to dismiss the claim against Ms. Winter would be filed.

22. The stipulation was not received until January, 1991, at the prompting of the Deputy Clerk of this Court.

23. Ms. Winter filed this motion for attorney's fees and sanctions on November 7, 1990.

24. In Mr. Shelton's response to Ms. Winter's motion, he stated, "Once [Ms. Winter] raised the defenses of immunity this defense was researched." Plaintiff's Answer to Defendant Beam's Motion for Imposition of Attorney's Fees, at 3.

## CONCLUSIONS OF LAW

1. Ms. Winter requests attorney's fees based on two grounds: Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

2. Rule 11 states in pertinent part:

Every pleading, . . . shall be signed by at least one attorney of record in the attorney's individual name, . . . The signature of an attorney constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

■ 3. No possible basis existed for the plaintiff's claim against Ms. Winter: prosecutorial immunity is a clear and absolute defense against lawsuits for the behavior of district attorneys during trials. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ 4. Reasonable inquiry prior to filing suit would have uncovered this case; therefore, Mr. Shelton did not complete the modicum of research required by Rule 11 before filing a complaint that is "warranted by existing law." Federal Rule of Civil Procedure 11. *See Leib v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986).

5. An uncontested motion could have been filed by Mr. Shelton to dismiss the claim against Ms. Winter, so that any disputes regarding receipt of a signed stipula-

tion by the district attorney's office are irrelevant.

6. Mr. Shelton was responsible for dismissing the case once it was removed to federal court. *See Herron v. Jupiter Transportation Co.*, 858 F.2d 332, 336 (6th Cir.1988).

■ 7. Mr. Shelton filed this lawsuit against Ms. Winter for an improper purpose, harassment, in violation of Rule 11.

8. Mr. Shelton was not attempting to make a good faith argument for the modification of the law of absolute prosecutorial immunity at the time of filing these documents or their removal from state court because he admitted in his pleadings that he did not know about the defense until after he filed the complaint.

■ 9. The fact that this case was removed from state court has no bearing on the application of Rule 11. Rule 11 applies to a pleading once it is removed to federal court and therefore the attorney has a duty to reevaluate his signed pleadings once they are in federal court. *See id.* at 335–36; *see also Lundy v. Preston Trucking Co.*, No. 88–4392, slip op., 1988 WL 74879 (July 12, 1988) (Weiner, J.) (Rule 11 sanctions for frivolous action imposed even though case removed from state court).

10. 28 U.S.C. § 1927 states in pertinent part:

Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

■ 11. Ms. Winter may be awarded attorney's fees under 28 U.S.C. § 1927 from Mr. Shelton as well, because of Mr. Shelton's unreasonable behavior in:

a. filing a frivolous suit against her; and

b. not dismissing this case in a timely fashion.

12. Assistant District Attorney Craig Ginsburg presented an affidavit and testimony to the effect that he spent a total of 55.80 hours researching and writing the motions for Judgment on the Pleadings and the Motion for Attorney's Fees.

13. Mr. Ginsburg worked in the district attorney's office for one month at the time he drafted these motions and had clerked one year for a Chester County Common Pleas Court judge before working in the district attorney's office.

14. The District Attorney's office had at its disposal the information about the law of prosecutorial immunity prior to the initiation of his research.

■ 15. In awarding attorney's fees pursuant to Rule 11, I am to take into account the reasonableness of the hours spent on the case and the fees requested. *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080 (3d Cir.1988).

■ 16. I will reduce the hours spent by Mr. Ginsburg on the motions to 40, because I find that, having had much of the information already at his disposal, the time to research the other topics and draft the motions should not have taken this much time.

■ 17. The rate of $90 per hour for Mr. Ginsburg's services is reasonable, so the total fees will be $3,600.00.

■ 18. Ms. Vandenbraak testified that she spent 8.7 hours on this case.

19. Ms. Vandenbraak is Chief of Civil Litigation for the District Attorney's office. She graduated from law school in 1979 and has been practicing law in the District Attorney's office since then. She requested that she be reimbursed at a rate of $200 per hour.

20. This rate seems excessive, so I will reduce it to $150 per hour. The total amount of fees for Ms. Vandenbraak's time will be $1,305.00.

21. Therefore, the total award to be paid to the defendant Nancy Beam Winter by Fincourt B. Shelton, Esquire, for viola-

tions of Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, is $4,905.00.