**TRACE SERVICES, INC., a Pennsylvania corporation, Plaintiff,**

v.

**AMERICAN METER COMPANY, a Delaware corporation, Defendant.**

**Civ. A. No. 90–1767.**

United States District Court, W.D. Pennsylvania.

Feb. 7, 1992.

48

Dennis St. J. Mulvihill, Robb, Leonard & Mulvihill, Pittsburgh, Pa., for plaintiff.

David B. Salzman, Campbell & Levine, Pittsburgh, Pa., David L. Davis, Woodbridge, N.J., for defendant.

## MEMORANDUM ORDER

STANDISH, District Judge.

On October 26, 1990, this case was referred to United States Magistrate Judge Kenneth J. Benson for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rules 3 and 4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on January 14, 1992, recommended that defendant's motion for sanctions pursuant to Rule 11 be denied. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all counsel by first-class mail on January 14, 1992. Objections were filed by defendant on January 22, 1992. After *de novo* review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

IT IS HEREBY ORDERED that defendant's motion for Rule 11 sanctions is denied.

The report and recommendation of United States Magistrate Judge Kenneth J. Benson, dated January 14, 1992, is adopted as the opinion of the court.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

KENNETH J. BENSON, United States Magistrate Judge.

## I. RECOMMENDATION

It is respectfully recommended that defendant's motion for sanctions pursuant to Rule 11 be denied.

## II. REPORT

Plaintiff filed a five count complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against a Delaware corporation for violation of Section 43(a) of the Lanham Act (unfair competition, false designation of origin, false description and false representation), common law trademark infringement, common law unfair competition, state law dilution of trademarks under 54 Pa.C.S. Section 1124, and fraudulent registration of a trademark with the United States Patent and Trademark Office under 15 U.S.C. Section 1120. Plaintiffs sought injunctive relief as well as compensatory and punitive damages due to defendant's use of the term "Trace" in marketing its products. Defendant removed this case to the federal courts on the basis of diversity of citizenship.

In a report and recommendation filed on October 9, 1991, it was recommended that defendant's motion for summary judgment be granted. Not addressed in that report was defendant's motion for sanctions filed contemporaneously with the motion for summary judgment. Plaintiff has responded to the motion for sanctions and that motion is now ripe for disposition.

### RULE 11

The relevant portions of Rule 11 follow: Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or paper; that to the best of the signer's information, knowledge and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it

is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

Violation of the Rule requires the court to impose an "appropriate sanction" which may include attorney's fees and costs.

 In addressing a motion for sanctions under Rule 11, it must be remembered that the rule is not a fee-shifting device, *Gaiardo v. Ethyl Corp.*, 835 F.2d 479 (3d Cir.1987), but should be resorted to only in exceptional circumstances. *Doering v. Union County*, 857 F.2d 191 (3d Cir.1988). "Rule 11 sanctions awarding counsel fees do not automatically or usually follow an adverse judgment or ruling. Much more is required." *Gaiardo*, at 483. It is also true, however, that Rule 11 sanctions may properly be imposed to deter litigation abuse, as when the "claim or motion is patently unmeritorious or frivolous." *Id.*, 857 F.2d at 194. Attorney conduct is judged by a standard of objective reasonableness regarding whether the claim is well based in fact and law. *Manville Sales Corp. v. Paramount Systems, Inc.*, 123 F.R.D. 177 (E.D.Pa.1988).

### RULE 11 IN REMOVAL CASES

 Plaintiff first questions the applicability of Rule 11 in a removal case where, as here, defendant obtains removal of a state court cause of action and seeks sanctions for the filing of the complaint, which was accomplished in state court. In *Riley v. City of Philadelphia*, 136 F.R.D. 571 (E.D.Pa.1991), Rule 11 sanctions were imposed against an attorney who filed a civil rights action in state court against an Assistant District Attorney who prosecuted his client in the state criminal court. The suit was clearly frivolous from its inception because of the absolute immunity afforded prosecuting attorneys in criminal matters. After removal, the district court, following a hearing, found that the suit was filed with the intent to harass the defendant, and plaintiff's attorney having been informed of the absolute immunity defense upon removal, agreed to discontinue the suit, but failed for several months to provide a signed stipulation to dismiss. In addressing whether Rule 11 sanctions could be imposed on plaintiff's attorney for filing the complaint, the district court relied on *Herron v. Jupiter Transportation Company*, 858 F.2d 332, (6th Cir.1988), for the proposition that an attorney has a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11. The district court in *Riley* therefore concluded that the failure to take action to dismiss the suit after acquiring knowledge of the defense of absolute immunity warranted the imposition of sanctions. Relying on *Riley*, defendant argues that reasonable inquiry into the facts and law by plaintiff's counsel would have disclosed that the complaint in this case was not warranted and, therefore, that sanctions are appropriate even though Rule 11 was not applicable to the complaint when and where it was filed.

The Court of Appeals for the Third Circuit has not specifically addressed this issue. But that court has determined that it is improper to impose Rule 11 sanctions on attorneys "for failing to amend or correct a document if information obtained or legal research performed after filing reveals an error. Cases which impose a continuing duty on counsel to make amendments based on knowledge ascertained after filing are not consistent with the Rule." *Gaiardo*, at 484, *citing with approval Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986) (no continuing duty imposed under Rule 11). Therefore, I believe that the *Riley* decision does not accurately reflect the state of the law in this circuit with regard to Rule 11 sanctions. Further, since the signed pleading which is the basis for the motion is the complaint, I do not believe that Rule 11 sanctions are available since there is no continuing obligation upon an attorney to dismiss a suit which he discovers, after the filing of the complaint, is meritless. *Gaiardo*. The complaint, when signed and filed by plaintiff's attorney, was not subject to Rule 11. I do not believe that removal of the action by defendant creates a Rule 11 obligation where none previously existed. Accordingly, I recommend that the motion for sanctions be denied.

## REASONABLENESS OF PLAINTIFF'S PLEADINGS

Since there is district court precedent which conflicts with my conclusion on the applicability of Rule 11 sanctions in a removal case, I will address the reasonableness of plaintiff's pleadings under Rule 11 in the interests of judicial economy.

 Although I recommended that defendant's motion for summary judgment be granted with respect to plaintiff's claims, the analysis involved, although straightforward, was by no means as clearly lethal to plaintiff's suit as was the absolute immunity defense in *Riley*. A review of the report and recommendation filed with respect to defendant's motion for summary judgment evidences that the parties do market competing goods and services, and both utilize the term "Trace." Therefore, plaintiff did satisfy the first part of the test for trademark infringement. Further, the test applied is a multi-factor one with no bright-line rule, again in contrast with defenses which rely on absolute immunity or a statute of limitations. While I believe that plaintiff should suffer summary judgment, I do not find any evidence that this lawsuit was filed in an effort to harass, or for any other improper purpose.

Defendant asserts that it should have become clear to plaintiff during discovery that its claims would fail. While this may be so, plaintiff should not be sanctioned for not bowing to the weight of the evidence particularly where plaintiff had at least a few factors in the multi-factor test for likelihood of confusion in its favor. Had there been no similarity between the marks, and/or no actual or possible competition between the products, the case for Rule 11 sanctions would be more compelling. As it stands, however, plaintiff had some basis for asserting its claims. Having such a basis, plaintiff should not be sanctioned simply because his lawsuit failed to survive a motion for summary judgment.

## CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendant's motion for Rule 11 sanctions be denied.

Dated: January 14, 1992