VIRGINIA JURGENSEN *et al.*, Plaintiffs-Appellants, v. BRUNO J. HASLINGER *et al.*, Defendants-Appellees (Eugene J. Korst, Respondent-Appellant).

Third District   No. 3—97—0303

Opinion filed February 27, 1998.—Rehearing denied April 16, 1998.

Dinah Lennon Archambeault (argued), of Wunderlich, Archambeault & Roth, of Joliet, for appellants.

Douglas L. Ziech (argued) and Frank P. Andreano, of Dunn, Martin & Miller, Ltd., both of Joliet, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs Virginia Jurgensen and Jeffrey Laviolette filed suit for tortious interference with an expectancy under a will against defendants Bruno and Roberta Haslinger, who were witnesses to a will. The trial judge dismissed the case, finding that defendants were absolutely immune from suit for statements made as witnesses in a judicial proceeding. Pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), the trial judge imposed sanctions against plaintiffs' attorney, Eugene J. Korst, who signed and filed the complaint. We hold that the trial court properly dismissed the complaint and imposed sanctions, but erred in calculating the amount of the sanctions.

## FACTS

Plaintiffs filed a complaint alleging that their rights as beneficiaries were violated when, at a will contest hearing, defendants falsely testified that the testator's signature was not on the will at the time they signed it. In response to the complaint, defendants filed a motion to dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), contending that the complaint failed to state a cause of action. The trial judge granted defendants' motion. Plaintiffs filed a motion to reconsider, asserting that the section 2—615 motion failed to specify wherein the complaint was insufficient. The trial judge granted the motion to reconsider, vacated his May 6 order, denied the section 2—615 motion, and granted leave for defendants to file a motion to dismiss pur-

suant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)).

Defendants' section 2—619 motion cited *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 75 L. Ed. 2d 96, 105, 103 S. Ct. 1108, 1113, in support of their claim of absolute immunity for testimony given as witnesses in a judicial proceeding. The trial court granted defendants' section 2—619 motion. After defendants requested the imposition of sanctions, plaintiffs pursued a series of unsuccessful motions to reconsider and petitions for substitution of judge. Ultimately, the trial court imposed sanctions against attorney Korst in the amount of $16,200.

On appeal, plaintiffs and Korst contend (a) the trial court erred in dismissing the complaint on the basis that defendants were absolutely immune from suit in their capacity as witnesses, (b) the trial court erred in denying defendants' motions for substitution of judge, (c) the trial judge erred in imposing sanctions, and (d) the trial court erred in determining the amount of the sanctions.

## I. ABSOLUTE PRIVILEGE

Plaintiff's complaint alleges that defendants' tortious conduct consisted of testifying falsely at a will contest hearing conducted in the circuit court of Will County, Illinois.

■ The doctrine of absolute privilege from civil suit for statements made in judicial proceedings has been described by the United States Supreme Court as "well established" (*Briscoe v. LaHue*, 460 U.S. at 330-31, 75 L. Ed. 2d at 105, 103 S. Ct. at 1113 (1983), citing *Cutler v. Dixon*, 4 Co. Rep. 14b, 76 Eng. Rep. 886 (Q.B. 1585)) and as a tradition "well grounded in history and reason" (*Briscoe*, 460 U.S. at 334, 75 L. Ed. 2d at 107, 103 S. Ct. at 1115). As early as 1870, the Illinois Supreme Court declared that, in a legal proceeding, "[W]hatever is said *** in such proceeding, pertinent and material to the matter in controversy, is privileged, and no action can be maintained upon it." *Spaids v. Barrett*, 57 Ill. 289 (1870). The applicability of the privilege in judicial and quasi-judicial proceedings was recently discussed by this court in *Bushell v. Caterpillar, Inc.*, 291 Ill. App. 3d 559, 683 N.E.2d 1286 (1997).

■ The doctrine of absolute privilege rests upon the idea that conduct that otherwise would be actionable is permitted to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to an injured party. *Thomas v. Petrulis*, 125 Ill. App. 3d 415, 418, 465 N.E.2d 1059, 1061 (1984), quoting W. Prosser, Torts § 114, at 776 (4th ed. 1971). Absolute priv-

ilege provides complete immunity from civil action, even though the statements are made with malice, because public policy favors the free and unhindered flow of information. *Ringier America, Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1105, 673 N.E.2d 444, 446 (1996); *Starnes v. International Harvester Co.*, 184 Ill. App. 3d 199, 203, 539 N.E.2d 1372, 1374 (1989). In the absence of such a privilege, a witness might be reluctant to come forward to testify, or, once on the stand, the witness's testimony might be distorted by the fear of subsequent liability. *Briscoe*, 460 U.S. at 333, 75 L. Ed. 2d at 106, 103 S. Ct. at 1114.

Nonetheless, plaintiffs argue that extending absolute privilege to defendants would effectively constitute the condoning of fraud and a denial of plaintiffs' right to pursue their tortuous interference claim. We do not find this argument to be persuasive. The very essence of plaintiffs' complaint is that they were damaged because a fact finder in another case believed the defendants and rendered a verdict detrimental to the plaintiffs' claims as putative beneficiaries under the will. We are reminded of the Supreme Court's admonishment in *Butz v. Economou*, 438 U.S. 478, 512, 57 L. Ed. 2d 895, 919, 98 S. Ct. 2894, 2913 (1978), quoted with favor in *Briscoe*, 460 U.S. at 335, 75 L. Ed. 2d at 108, 103 S. Ct. at 1115:

> " '[C]ontroversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree. The loser in one forum will frequently seek another ... Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.' "

We decline plaintiffs' invitation to carve an "attesting witness" exception into the well-established doctrine of absolute privilege for testimony given in a judicial proceeding.[1]

## II. SUBSTITUTION OF JUDGE

After the trial judge granted defendants' section 2—619 motion (735 ILCS 5/2—619 (West 1996)), plaintiffs filed two motions to disqualify the judge for cause (735 ILCS 5/2—1001(a)(3) (West 1996)). Both of these motions were denied. On appeal, plaintiffs assert that their motions should have been granted.

■ It is axiomatic that the appellant has the duty to provide an

---

[1]While absolute privilege provides complete protection from civil action, this does not mean that persons may testify falsely with impunity. Absolute privilege does not preclude criminal prosecution for perjury or subornation of perjury; moreover, a myriad of disciplinary charges awaits the attorney who participates in such misconduct. See *Bushell*, 291 Ill. App. 3d at 564, 683 N.E.2d at 1289.

adequate record for the appellate court. *Higgins v. Columbia Tool Steel Co.*, 76 Ill. App. 3d 769, 776, 395 N.E.2d 149, 154 (1979). If the record provided does not constitute an adequate basis for a determination of the propriety of the circuit court's judgment, then the judgment is presumed correct and the circuit court must be affirmed. *Jackson v. Naffah*, 241 Ill. App. 3d 1043, 1045, 609 N.E.2d 958, 960 (1993). Here, appellants have failed to provide this court with the report of proceedings on the motions to disqualify. Accordingly, the issue has been waived. *Teitelbaum v. Reliable Welding Co.*, 106 Ill. App. 3d 651, 661, 435 N.E.2d 852, 860 (1982).

Even if we were to decide this issue on the merits, the determination of the circuit court is entitled to "extreme deference" and will not be reversed absent an abuse of discretion. *In re Marriage of Schweihs*, 272 Ill. App. 3d 653, 658, 650 N.E.2d 569, 572 (1995). We have carefully reviewed the actual motions to disqualify and supporting affidavits and exhibits, and nothing contained in these documents warrants a finding that the trial judge was prejudiced against the plaintiffs.

### III. IMPOSITION OF SANCTIONS

■ Supreme Court Rule 137 allows a court to impose sanctions against a party or attorney who improperly files a pleading with a court. 134 Ill. 2d R. 137. Specifically, Rule 137 states:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 134 Ill. 2d R. 137.

The standard for evaluating a party's conduct under this rule is one of reasonableness under the circumstances existing at the time of the filing. *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 1007, 628 N.E.2d 426, 430 (1993). The determination of whether to impose sanctions rests within the sound discretion of the trial court, whose decision is entitled to great weight

and will not be disturbed on review absent an abuse of discretion. *In re Estate of Wernick*, 127 Ill. 2d 61, 77-78, 535 N.E.2d 876, 883 (1989); *Bennett & Kahnweiler*, 256 Ill. App. 3d at 1007, 628 N.E.2d at 430.

Korst argues that a complaint is not rendered frivolous merely because "a strong affirmative defense exists."

There are two lines of thought on this issue in Illinois. In *Wren v. Feeney*, 176 Ill. App. 3d 364, 531 N.E.2d 155 (1988), this court considered the propriety of imposing sanctions for filing a complaint based upon claims that were barred by the statute of limitations. Applying the statutory predecessor to Rule 137, the majority concluded that such a complaint was not " 'warranted by existing law.' " (Emphasis omitted.) *Wren*, 176 Ill. App. 3d at 365, 531 N.E.2d at 155-56, quoting Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

In *Derby Meadows Utility Co. v. Village of Orland Park*, 226 Ill. App. 3d 195, 589 N.E.2d 700 (1992), the appellate court declined to extend the *Wren* holding to the filing of a claim barred by the statute of frauds. See Ill. Rev. Stat. 1987, ch. 59, par. 1 *et seq.* (now 740 ILCS 80/0.01 *et seq.* (West 1996)). The *Derby Meadows* court explained that an affirmative defense based upon the statute of limitations is easier to anticipate and analyze than an affirmative defense based upon the statute of frauds, which has many exceptions. After reviewing the record, the court found that the plaintiff's counsel investigated the matter and could have reasonably believed that one of the exceptions to the statute of frauds would apply in the case. Thus, the trial court did not err in denying defendants' request for sanctions. *Derby Meadows*, 226 Ill. App. 3d at 200-01, 589 N.E.2d at 703-04.

■ Whether a judge may impose sanctions for filing a complaint based upon absolutely privileged testimony appears to be an issue of first impression in Illinois. However, Supreme Court Rule 137 is "almost identical" to Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11) (*Lewy v. Koeckritz International, Inc.*, 211 Ill. App. 3d 330, 334, 570 N.E.2d 361, 365 (1991)), and federal courts have held that plaintiffs are subject to sanctions for filing and maintaining actions against absolutely immune persons (*DeSisto College, Inc. v. Line*, 888 F.2d 755 (11th Cir. 1989); *Riley v. City of Philadelphia*, 136 F.R.D. 571 (E.D. Pa. 1991), *aff'd*, 953 F.2d 1380 (3d Cir. 1992); *Jennings v. Emry*, 133 F.R.D. 134 (N.D. Ind. 1990)).

The record in this case shows that, prior to filing the complaint, plaintiffs' counsel was aware of the absolute privilege enjoyed by witnesses but chose to disregard this well-established doctrine. Under these facts, we agree with the trial judge's conclusion that attorney Eugene J. Korst did not file the complaint in order to extend, modify or reverse existing case law. Korst could not have entertained a rea-

sonable belief that some exception or nuance in the law might apply here. Rather, as the trial court found, Korst improperly filed the complaint to "punish the defendants for their testimony in the previous case."

## IV. AMOUNT OF THE SANCTIONS

In imposing sanctions, the trial court found that plaintiffs' counsel should be held liable for the attorney fees expended in defending this case. The judge found that the fees "necessary and actually caused by filing of the complaint" were $16,200, consisting of 108 hours billed at $150 per hour.

While we find that the trial court properly imposed sanctions against plaintiffs' counsel, we hold that the amount awarded is excessive. After reviewing the record, we find that Korst was erroneously sanctioned for three hours that defense counsel expended *prior* to the filing of the complaint. We do not believe that this time can reasonably be deemed an expense incurred because of the filing of the pleading. *Cf. Worthington v. Wilson*, 8 F.3d 1253, 1257-58 (7th Cir. 1993) (federal district court had no authority to impose sanctions for pleading filed before removal to federal court).

The trial judge also imposed sanctions for time expended by defense counsel in preparing and presenting his unsuccessful section 2—615 motion and supporting memorandum. During the sanctions hearing below, attorney Korst requested that 10 hours spent on defendants' section 2—615 motion be stricken from the affidavit supporting defendants' sanctions request. We disagree with the trial judge's conclusion that this time was "necessary" to the defense of this case. Had defense counsel responded to the complaint by filing the correct motion to raise the affirmative defense of absolute privilege (see 735 ILCS 5/2—619 (West 1996)), the section 2—615 motion would not have been needed at all. We agree with Korst that this sanction should be decreased accordingly.

We hold that the amount of the sanctions should be reduced by $1,950. Sanctions against attorney Eugene J. Korst are affirmed as modified, in the amount of $14,250.

The judgment of the circuit court of Will County is affirmed as modified.

Affirmed as modified.

HOLDRIDGE and HOMER, JJ., concur.