No.  3--01--0814

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

CHRISTINE McNALL, )  Appeal from the Circuit Court

)  of the 14th Judicial Circuit,

Plaintiff-Appellant, )  Rock Island County, Illinois,

)

v. )  No. 01--L--78

)

BERNADINE FRUS, )  Honorable

)  Mark A. Vandeweile,

Defendant-Appellee. )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

This appeal arises from a claim of negligence by plaintiff Christine McNall against defendant Bernadine Frus.  Defendant, a licensed social worker, testified in the child custody proceeding between plaintiff and her former spouse.
  Plaintiff alleged that defendant, without interviewing plaintiff or her children, testified in that proceeding that plaintiff suffered from alcoholism and was a neglectful parent.  Plaintiff lost custody of her children.  In this action she seeks damages for injuries allegedly caused by defendant's negligent testimony.   

Defendant moved to dismiss plaintiff's claim with prejudice pursuant to 735 ILCS 5/2-619(a)(9).  The circuit court of Rock Island County dismissed plaintiff's claim with prejudice.  

It is well-established that witnesses enjoy absolute privilege from civil suit for statements made during judicial proceedings.  
Jurgensen v. Haslinger
, 295 Ill. App. 3d 139, 692 N.E.2d 347 (1998); 
Renzi v. Morrison
, 249 Ill. App. 3d 5, 618 N.E.2d 794 (1993); 
Libco Corp. v. Adams
, 100 Ill. App. 3d 314, 426 N.E.2d 1130 (1981).  The doctrine of absolute privilege rests upon the idea that conduct which otherwise would be actionable is permitted to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to an injured party.  
Thomas v. Petrulis
, 125 Ill. App. 3d 415, 418, 465 N.E.2d 1059, 1061 (1984), citing W. Prosser, Torts § 114, at 776 (4th ed. 1971).  In the absence of such a privilege, a witness might be reluctant to come forward to testify, or, once on the stand, the witness's testimony might be distorted by fear of subsequent liability.  
Briscoe v. LaHue
, 460 U.S. 325, 333, 75 L. Ed. 2d 96, 106, 103 S. Ct. 1108, 1114 (1983).

Nonetheless, plaintiff contends that an exception to absolute privilege should be made for expert witnesses testifying pursuant to Supreme Court Rule 213(g) (134 Ill. 2d R. 213(g)).  She admits that no Illinois court has ever allowed this exception or allowed any negligence claim based on witness testimony.  She argues, however, that we should follow what she claims is the modern trend which allows negligence claims against experts retained to testify in court.  We disagree.

An examination of the cases relied upon by plaintiff reveals that they differ markedly from the case at bar.  In 
Politi v. Tyler
, 170 Vt. 428, 751 A.2d 788 (2000), the Supreme Court of Vermont allowed a plaintiff to make a malpractice claim against a psychologist contracted by the plaintiff and her ex-husband to testify in a custody dispute.  The court found that the malpractice claim was not predicated on the defendant's testimony but rather it was based on nontestimonial acts which were performed outside the judicial proceeding and that the defendant was obligated to perform under the contract.  In 
Murphy v. A.A. Matthews, a Division of CRS Group Engineers, Inc.
, 841 S.W.2d 671 (Mo. 1992), the Supreme Court of Missouri allowed a party to bring a claim against its own expert witness who had been retained to perform litigation-related services.  The court found the claim was not premised on the substance of the expert's testimony.  The case did not involve a party seeking to hold its adversary's expert witness liable.  
Murphy
, 841 S.W.2d at 677.  These cases, and all others relied upon by plaintiff, do not stand for the proposition that expert witnesses are denied the absolute privilege afforded every other participant in a judicial proceeding.  Rather, they allow an expert to be held liable for a breach of duty owed to the party who contracted with the expert as long as the claim is not premised on testimony in a judicial proceeding.

In this case, defendant was hired by the party adverse to plaintiff.  The only relationship between the parties is that defendant testified as an opinion witness on behalf of plaintiff's former husband.  Plaintiff's argument that defendant owed plaintiff a duty of care is unfounded. 
 This case does not fall under the limited scope of 
Politi
 and 
Murphy
.

Illinois courts have liberally protected the principles of absolute privilege of witnesses.  For example, in 
Parillo, Weiss & Moss v. Cashion
, 181 Ill. App. 3d 920, 537 N.E.2d 851 (1989), a defendant was afforded absolute privilege for statements made in an unsolicited letter requesting an investigation of an insurance company's practices prior to initiation of judicial proceedings.  In 
Adco Services, Inc. v. Bullard
, 256 Ill. App. 3d 655, 628 N.E.2d 772 (1993), the absolute privilege was extended to letters sent to a quasi-judicial agency where the letters were of direct and immediate concern to the agency.  As these cases illustrate, even non-testimonial acts performed outside the courtroom have been protected in Illinois.  

For plaintiff to succeed here, this court would need to break with Illinois precedent and create a heretofore unrecognized exception to absolute privilege but also go beyond the most far-reaching precedents in any jurisdiction.  Plaintiff has not offered sufficient persuasive argument as to why we should do so.  

The essence of plaintiff's complaint seems to be that she was damaged because a factfinder in another case believed the defendant and rendered a finding detrimental to plaintiff's interest.  We are reminded of the Supreme Court's admonishments in 
Butz v. Economou
, 438 U.S. 478, 512, 57 L. Ed. 2d 895, 919, 98 S. Ct. 2894, 2913 (1978)
:

"[C]ontroversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree.  The loser in one forum will frequently seek another ***. [Citation.]  Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation."

We decline plaintiff's invitation to carve an expert witness exception into the well-established doctrine of absolute privilege for testimony given in a judicial proceeding.

Plaintiff also argues that the circuit court erred in denying her motion to amend her complaint.  We disagree.  The decision of whether to grant leave to amend a pleading rests within the discretion of the circuit court.  
Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.
, 275 Ill. App. 3d 452, 460, 654 N.E.2d 1109, 1116 (1995).  Plaintiff's proposed amendment here would not cure the defect in the pleading because it simply restated the allegations in the original complaint.

The decision of the circuit court of Rock Island County is affirmed.

Affirmed.

 
 HOMER and McDADE, J.J., concur.