DIANE C. RENZI, Plaintiff-Appellee, v. HELEN MORRISON, Defendant-Appellant.

First District (4th Division)   No. 1—92—2422

Opinion filed June 24, 1993.

Paul L. Price and Mark D. Roth, both of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellant.

Baskin, Server, Berke, Weinstein & Spiro, of Chicago (Burton I. Weinstein, John R. Malkinson, and Seth R. Halpern, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

This case involves two competing interests: the need to reach the truth in a judicial proceeding and a psychiatric patient's right to privacy.

Plaintiff, Diane Renzi, filed an action for damages against defendant, Helen Morrison, M.D. She alleged that Morrison violated the Mental Health and Developmental Disabilities Confidentiality Act (Mental Health Act) (Ill. Rev. Stat. 1983, ch. 91½, par. 801 *et seq.*), when she voluntarily disclosed confidential information at a court proceeding. Morrison moved to dismiss the complaint on the grounds that common law witness immunity shielded her testimony. The trial court denied Morrison's motion and ruled that common law witness immunity does not protect a witness who volunteers information privileged under the Mental Health Act. The trial court certified the question under Supreme Court Rule 308 (134 Ill. 2d R. 308), and we granted leave to appeal. We affirm.

Renzi alleges in her complaint that in July and August of 1983 she was a patient of Morrison, a board-certified psychiatrist. Morrison

evaluated Renzi, administered psychological tests, and counseled her about her marriage.

In August 1983 Renzi's husband filed a petition for dissolution of marriage and an emergency petition for temporary custody of their two-year-old daughter. Renzi learned that Morrison had discussed her psychological tests and evaluations with her husband in relation to the dissolution and custody proceedings. Renzi then wrote Morrison and stated she intended to exercise her right pursuant to section 10 of the Mental Health Act to prevent disclosure of any confidential communications. Section 10 provides:

> "(a) Except as provided herein, in any civil, criminal, administrative, or legislative proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record or communications.
>
> (1) Records and communications may be disclosed in a civil, criminal or administrative proceeding *** if and only to the extent the court in which the proceedings have been brought, *** finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm." Ill. Rev. Stat. 1983, ch. 91½, par. 810.

Morrison voluntarily appeared at the custody hearing and offered to testify for Renzi's husband. Renzi objected that Morrison's testimony referred to privileged information and was confidential. The trial judge overruled the objection and stated, "I'm going to let her testify." Morrison then revealed Renzi's communications, testified to the results of the psychological tests, and offered her opinion of Renzi's emotional health. Based on this testimony, which "tipped the balance of the scale," the judge awarded temporary custody of the child to the husband. Renzi then filed this action against Morrison.

Defendant argues that this court must interpret the Mental Health Act consistently with common law witness immunity because, she alleges, the Act does not specifically abolish the common law doctrine. See *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 956, 381 N.E.2d 1367, 1378 ("If a statute is enacted which covers an area for-

merly covered by common law, such statute must be construed as adopting common law unless there is clear and specific language showing that change in the common law was intended by the legislature").

■ The Mental Health Act provides a psychiatric patient with the privilege to prevent disclosure of communications made to a therapist. Illinois common law provides that a witness' testimony at a judicial proceeding is privileged if relevant. (*Libco Corp. v. Adams* (1982), 100 Ill. App. 3d 314, 426 N.E.2d 1130.) The legislature recognized that the right to witness immunity must be balanced with the right to privileged communication between doctor and patient. The Mental Health Act allows for circumstances where the privilege which protects a patient's communications to a doctor must give way. Section 10 authorizes disclosure of privileged communications where a court examines testimony *in camera* and determines it relevant, admissible, and more important to the interest of justice than a patient's right to confidentiality. As a further safeguard, no record or communication is relevant "unless the party seeking disclosure of the communication clearly establishes in the trial court a compelling need for its production." The Act requires a showing that a therapist's testimony is relevant, admissible, and more important to the interests of justice than the patient's privilege. Once this showing has been made, witness testimony is invested with traditional common law privilege.

■ The statute clearly indicates the legislature intended to modify absolute common law witness immunity in order to provide a remedy of damages against persons who violate the act. Section 15 states, "Any person aggrieved by a violation of this Act may sue for damages ***." (Ill. Rev. Stat. 1983, ch. 91½, par. 815.) Common law absolute immunity for witnesses would make this language a nullity.

Defendant then cites *Bond v. Pecaut* (N.D. Ill. 1983), 561 F. Supp. 1037, *aff'd* (7th Cir. 1984), 734 F.2d 18, and argues that the court in this case concluded that the common law doctrine of absolute witness immunity would protect a witness who disclosed confidential communications under the Mental Health Act in a judicial proceeding.

In *Bond* the plaintiff's husband filed a petition for custody of their son, and the court appointed the defendant, a psychologist, to evaluate plaintiff and her husband. The psychologist wrote a letter to the court which discussed plaintiff's emotional health. The plaintiff filed an action for damages against the psychologist on the grounds that the letter was defamatory and constituted a tortious invasion of her privacy. The reviewing court held that the communications in the letter were privileged because they were relevant to the pending legal

proceedings. The plaintiff also moved for leave of court to file an additional count to allege unlawful disclosure of communications in violation of the Mental Health Act. The court denied the motion and held that the same witness privilege defense which applied to the defamation count would apply to an alleged violation of the Mental Health Act. The court explained, "[D]efendant's function was not to treat plaintiff, but to advise the court." *Bond,* 561 F. Supp. at 1041-42.

█ The result in *Bond* is restricted to the facts, and the facts are distinguishable from those in the case before us. In this case the court did not appoint Morrison to evaluate Renzi. The court did not subpoena Morrison to appear or order her to testify. She appeared voluntarily and offered to testify for Renzi's husband. Morrison's function was to treat Renzi, not to advise the court. We find the result in *Bond* does not control our interpretation of the Mental Health Act.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.