PHYLLIS G. JOHNSON, Plaintiff-Appellee, v. GARY W. JOHNSON, Defendant-Appellant.—*In re* MARRIAGE OF PHYLLIS G. JOHNSON, Petitioner-Appellee and Cross-Appellant, and GARY W. JOHNSON, Respondent-Appellant and Cross-Appellee.

Second District   Nos. 2—93—0853, 2—93—1238 cons.

Opinion filed November 3, 1994.

Joseph T. Cesario, of Cesario & Walker, of Hinsdale, for appellant.

Linda A. Haviland, of Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd., of Wheaton, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

These consolidated appeals arose from separate but interrelated proceedings stemming from the dissolution of the parties' marriage. The issues concern the enrollment of a foreign judgment and the effect of the doctrine of merger on a dissolution judgment.

In appeal No. 2—93—0853, defendant, Gary Johnson (respondent), appeals the order of the circuit court enrolling a Florida judgment obtained by plaintiff, Phyllis Johnson (petitioner). The Florida judgment was rendered on January 17, 1986, on a common-law cause of action petitioner filed based on the dissolution judgment and a subsequent agreed order. The Florida judgment was against respondent for $33,366.08. The issue for review is whether a foreign judgment must be registered in Illinois within five years of its entry.

On appeal, respondent contends that the court erred in registering the Florida judgment in Illinois because it is barred by the five-year statute of limitations for civil actions. (See 735 ILCS 5/13—205 (West 1992).) This contention is patently without merit.

■ Prior to September 1, 1991, the general five-year statute of limitations applied to the enrollment and enforcement of foreign judgments. (*In re Marriage of Kramer* (1993), 253 Ill. App. 3d 923, 926-27.) However, at that time Illinois adopted the Uniform Enforcement of Foreign Judgments Act (Act) (735 ILCS 5/12—650 through 12—657 (West 1992)), the purpose of which is to implement the full faith and credit clause of the Federal Constitution (U.S. Const., art. IV, § 1) and to facilitate the interstate enforcement of judgments. (*Practice Management Associates, Inc. v. Thurston* (1992), 225 Ill. App. 3d 470, 473; see also 735 ILCS 5/12—651 (West 1992).) Full faith and credit prohibits the court of the State in which a

foreign judgment is sought to be enforced from rehearing the case on the merits. (*In re Estate of Wallen* (1994), 262 Ill. App. 3d 61, 70.) Section 12—652 of the Act states:

"A copy of any foreign judgment authenticated in accordance with the acts of Congress or the statutes of this State may be filed in the office of the circuit clerk for any county of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any county of this State and may be enforced or satisfied in like manner." (735 ILCS 5/12—652 (West 1992).)

Thus, a foreign judgment filed under this section is treated as an Illinois judgment. As such, the limitations period for enforcing a judgment applies, rather than the five-year period for other actions. See *Kramer*, 253 Ill. App. 3d at 927.

■ Respondent further argues that the Act should not be construed so as to grant "foreign judgments an endless life of enforcement." Petitioner asserts that the statute of limitations would not begin to run until the judgment is registered in Illinois. While it is clear that Illinois applies its own statute of limitations to the enforcement of a foreign judgment, there is a question regarding when that limitations period begins to run: from the date of rendition of the judgment or from the date it is registered. We need not answer this question because petitioner has yet to seek enforcement of the Florida judgment, and respondent's appeal is limited to the issue of whether the judgment was properly registered. We conclude that the court did not err in allowing petitioner to register the Florida judgment.

In appeal No. 2—93—1238, petitioner filed a motion for a rule to show cause against respondent for failing to comply with the dissolution judgment and the agreed order (dissolution judgment). The dissolution judgment provided in relevant part that, for the property distribution, respondent was to pay petitioner $79,000: a $30,000 lump sum payment, and the rest in monthly installments. The payments were to be secured by the assignment of the beneficial interest in a land trust. Respondent has failed to make the lump sum payment and has not made all of the monthly payments, nor has he made the assignment. The court issued the rule to show cause and ordered respondent to transfer beneficial ownership of the land trust to petitioner. Respondent appeals from this order. The court granted respondent's motion to dismiss the motion for a rule to show cause as

it related to respondent's failure to make payments. The court granted the dismissal because the financial aspects of the dissolution judgment merged into the Florida judgment. (The Florida stipulated judgment purported to discharge all of respondent's financial obligations arising under the dissolution judgment.) From this order, petitioner cross-appeals. Essentially, the issue for review in this appeal is whether the doctrine of merger bars the enforcement of the dissolution judgment.

Respondent contends that the court erred in requiring him to comply with the security provision of the dissolution judgment because the cause of action on the judgment in Florida resulted in the dissolution judgment becoming merged into the Florida judgment. Petitioner contends in her cross-appeal that the court erred in applying the doctrine of merger to find that the payment provisions of the dissolution judgment were not enforceable.

Respondent relies on *Doerr v. Schmitt* (1941), 375 Ill. 470, in support of his merger argument. The merger doctrine provides that a contract or instrument on which a proceeding is based becomes merged in the judgment so that all remaining legal liability is transferred to the judgment. (*Doerr*, 375 Ill. at 472.) Petitioner asserts that the merger doctrine does not apply here.

Respondent's reliance on *Doerr* is misplaced because the court there emphasized that the case before it did not involve whether one judgment may merge into another. The court declined to address whether the merger rule applies in such a situation. (375 Ill. at 473.) Moreover, neither *Doerr* nor the cases it cites regarding the merger of judgments concern judgments rendered in different States. (See *Dow v. Blake* (1893), 148 Ill. 76; *McDonald v. Culhane* (1940), 303 Ill. App. 101 (when a mortgagee obtains a judgment on a note and then forecloses the mortgage and obtains a deficiency judgment, the judgment on the note is merged into the second judgment).) This cause concerns the enforcement of an Illinois dissolution judgment and the effect of a subsequent foreign money judgment based on the Illinois judgment.

Neither party has cited any authority on whether a judgment merges into a subsequent judgment in another State. We have found no Illinois authority on this point. The majority of jurisdictions hold that the doctrine of merger is wholly inapplicable to judgments rendered in different jurisdictions. (See *Ballentine v. Superior Court* (1945), 26 Cal. 2d 254, 158 P.2d 14; *Jacoby v. Jacoby* (1979), 150 Ga. App. 725, 258 S.E.2d 534; *Armour Brothers Banking Co. v. Addington* (1896), 1 Ind. T. 304, 37 S.W. 100; *Moore v. Justices of Municipal Court* (1935), 291 Mass. 504, 197 N.E. 487; *Zirul v. Zirul* (Mo. App.

1984), 671 S.W.2d 320; *In re Williams* (1913), 208 N.Y. 32, 101 N.E. 853.) The theory for this view was explained by the California Supreme Court in *Lilly-Brackett Co. v. Sonnemann:*

> " 'It may be inconvenient that two judgments should subsist in the same state against the same person on the same demand; but no such inconvenience can exist in the case of judgments rendered in different states; and there is no sufficient reason for the application of the purely technical doctrine of merger, subversive of substantial justice, as it would be, in such cases. Indeed, in view of the fact that one satisfaction would satisfy both judgments, there is little to be said in favor of the doctrine of merger, reasonable as that doctrine may be in ordinary cases, by a second judgment obtained upon the first, even in the same state.' " (*Lilly-Brackett Co. v. Sonnemann* (1912), 163 Cal. 632, 635, 126 P. 483, 484, quoting Story on Conflict of Laws § 599, note (a) (8th ed. 1883).)

This reasoning is sound as the courts of one State do not have the power to divest the court of another State of its power to enforce its own judgment or to nullify the rendering State's judgment. (See 21 C.J.S. *Courts* § 226 (1990).) (A court has the inherent power to enforce its own judgments. (*American Society of Lubrication Engineers v. Roetheli* (1993), 249 Ill. App. 3d 1038, 1042).) We therefore hold that the doctrine of merger does not apply to the judgments at issue.

The Florida judgment did not act as a bar to the dissolution judgment, nor could it purport to modify the dissolution judgment. The provisions for the disposition of property in a dissolution judgment are a vested right, and a trial court lacks general jurisdiction to modify such provisions once the judgment has become final. (*In re Marriage of Hubbard* (1991), 215 Ill. App. 3d 113, 116.) After 30 days from the entry of the judgment have passed, the court retains the power only to enforce the judgment, unless the court finds sufficient conditions exist to reopen the judgment. *Hubbard*, 215 Ill. App. 3d at 116.

Here, petitioner filed an action on the dissolution judgment in Florida; she did not enroll it in Florida. The Florida court had the power only to enforce the judgment, but it did not have the power to modify or nullify the dissolution judgment, even on the agreement of the parties. This is because any purported modification would be void as the court lacked jurisdiction to modify the final judgment. Moreover, the Illinois dissolution judgment was entitled to full faith and credit in Florida (see *Titus v. Walleck* (1939), 306 U.S. 282, 291-92, 83 L. Ed. 653, 659, 59 S. Ct. 557, 562), and the Florida court could not extinguish the Illinois judgment. Consequently, we agree with

petitioner that the dissolution judgment was fully enforceable in Illinois, and the Florida money judgment had no effect on it. Petitioner concedes that she is entitled to only one satisfaction, and payment of the debt would satisfy both judgments. We therefore conclude that the trial court did not err in refusing to apply the merger doctrine to the security interest requirement of the judgment, but that the court erred in denying petitioner a rule to show cause against respondent for his failure to make payments pursuant to the dissolution judgment.

In appeal No. 2—93—0853, the order of the circuit court registering the Florida judgment is affirmed. In appeal No. 2—93—1238, we affirm that part of the order requiring respondent to comply with the security provision of the dissolution judgment, but we reverse the court's dismissal of the portion of petitioner's motion which sought to enforce the payment provisions of the judgment, and we remand the cause for further proceedings.

No. 2—93—0853, Affirmed.
No. 2—93—1238, Affirmed in part; reversed in part and remanded.

BOWMAN and DOYLE, JJ., concur.