887 P.2d 5

**CITIBANK (SOUTH DAKOTA), N.A.,**
**a South Dakota corporation,**
**Plaintiff/Appellee,**

**v.**

**Jim PHIFER, Defendant/Appellant.**

**No. 2 CA–CV 94–0270.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 20, 1994.

**6**

Lesher & Lesher by Stephen H. Lesher, Tucson, for plaintiff/appellee.

Jim Phifer, in pro. per.

## OPINION

LACAGNINA, Judge.

On April 22, 1994, Citibank filed a notice of filing foreign judgment with the Clerk of the Pima County Superior Court. The judgment had been obtained in the United States District Court for the District of California on January 17, 1990. The trial court denied a motion by defendant Jim Phifer to vacate the filing of the foreign judgment, holding that A.R.S. § 12–1551, the five-year statute of limitations governing actions on domestic judgments, applied rather than A.R.S. § 12–544(3), the four-year statute of limitations governing the enforcement of foreign judgments. We reverse the judgment of the trial court because A.R.S. § 12–544(3) is the only statute of limitations that governs the enforcement of foreign judgments, and the notice of filing under that statute was untimely.

### DISCUSSION

In determining whether to apply the statute of limitations of a sister state or its own statute of limitations, Arizona courts have held that its own statute of limitations applies even if it bars the enforcement of a foreign judgment filed under the Uniform Enforcement of Judgments Act, A.R.S. §§ 12–1701 through 1708. *Eschenhagen v. Zika*, 144 Ariz. 213, 696 P.2d 1362 (App. 1985). Noting that other jurisdictions have different views on whether to apply the statute of limitations governing foreign judgments or the statute governing domestic judgments, the court in *Eschenhagen* did not decide which Arizona statute of limitation would apply.

> Nothing in the Uniform Enforcement of Foreign Judgments Act precludes Arizona from applying its own statute of limitations in determining whether a foreign judgment is entitled to enforcement under the Act.
>
> It is not necessary for us to decide at this time which of Arizona's statute of limitations would apply, the five-year statute for enforcement of judgments or the four-year statute for enforcing foreign judgments, since enforcement of appellee's judgment was precluded in this instance under either statute. As we noted previously, courts which have held that the forum state applies [its] own statute of limitations when a foreign judgment is filed under the Uniform Act have differed as to which of these statutes to apply. We will wait until this issue is squarely presented to us before deciding it.

*Id.* at 219, 696 P.2d at 1368.

 Although filing a judgment under the Uniform Act domesticates it for purposes of enforcement, it still remains a foreign judgment subject to the time limitations imposed by A.R.S. § 12–544(3). The purpose of the Uniform Act is to provide the enacting state with a speedy and economical method of enforcing foreign judgments so as to prevent the cost and harassment that would result if further litigation were required. *Eschenhagen.* The Uniform Act does not create substantive rights. It is an act creating procedures for enforcing rights conferred by the Full Faith and Credit Clause of the United States Constitution. *Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (App.1977). The holder of a foreign judgment can either bring an action to enforce his judgment or file under the Uniform Act. We can find no logical reason for giving the holder of a

foreign judgment more time to enforce the judgment in Arizona by choosing to file under the Uniform Act. In either case, the holder is still enforcing a judgment in Arizona that is barred after four years, A.R.S. § 12–544(3), and nothing in the language of A.R.S. § 12–1702, which provides for treatment of the foreign judgment by the clerk of the superior court in the same manner as a domestic judgment, extends the statute of limitations governing foreign judgments.

Although a foreign judgment filed under the Act is subject to defenses and proceedings for opening, vacating or staying as a judgment of the superior court in Arizona, *id.*, the filing does not turn the foreign judgment into a domestic judgment for the purpose of avoiding the statute of limitations governing the enforcement of foreign judgments.

In summary, A.R.S. § 12–544(3) dictates the time within which a foreign judgment can be enforced in Arizona. When a foreign judgment is timely filed, the Uniform Act gives the clerk the authority to treat that judgment in the same manner as a domestic judgment. Filing a judgment after expiration of the statute of limitations period for the enforcement of foreign judgments does not entitle the holder to the extended time limits enjoyed for the enforcement of domestic judgments. Citibank's filing of the notice was untimely, and the judgment of the trial court is reversed.

LIVERMORE, P.J., and FERNANDEZ, J., concur.