REVOLUTION PORTFOLIO, LLC, Plaintiff-Appellee, v. JOSEPH S. BEALE, Defendant-Appellant.

First District (3rd Division)   Nos. 1—01—1890, 1—01—3063 cons.

Opinion filed June 26, 2002.—Rehearing denied August 26, 2002.

Louis D. Bernstein, Howard M. Turner, and Christina B. Conlin, all of Gould & Ratner, of Chicago, for appellant.

David M. Giangrossi and Jeffrey R. Rosenberg, both of Schuyler, Roche & Zwirner, of Chicago, for appellee.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The defendant, Joseph S. Beale, appeals from orders of the circuit court of Cook County, granting the plaintiff's, Revolution Portfolio, LLC's motion to revive a judgment against the defendant and ordering the defendant to pay the sum of $6,108,683.78 to the plaintiff.

On November 30, 2000, the plaintiff filed a petition in the circuit court of Cook County seeking to register a foreign judgment against the defendant. The petition alleged the following facts.

On February 19, 1992, a final judgment was entered against the defendant and Steven D. Bandolik in favor of the Federal Deposit Insurance Corporation (FDIC) in the circuit court of the Fifteenth Judicial Circuit in the State of Florida in the amount of $3,516,845.95 plus interest. On November 21, 1997, that judgment was assigned to the plaintiff.

The petition further alleged that the judgment against the defendant had not yet been satisfied, and there was still due and owing from the defendant the sum of $6,682,215.66, which included interest at the rate of $1,172.28 per day.

On December 1, 2000, the plaintiff filed a petition for revival of judgment. The plaintiff alleged that the above judgment was in full force and effect and therefore claimed a revival of that judgment.

On January 9, 2001, the defendant filed a special and limited appearance. Subsequently, the defendant waived his special and limited appearance and filed a motion to dismiss the petition for revival and to quash the registration of the Florida judgment. In his motion, the defendant argued that the plaintiff did not comply with the Uniform Enforcement of Foreign Judgments Act (735 ILCS 5/12—650 et seq. (West 1998)) (the Act) in filing the Florida judgment in Illinois, that the enforcement of the Florida judgment was barred by the statute of limitations, and that the Florida judgment could not be revived in Illinois. The circuit court denied the motion to dismiss.

On March 1, 2000, the plaintiff filed a motion seeking the entry of an order to revive the Florida judgment. On April 12, 2001, the circuit court granted the motion and revived the judgment against the defendant in the amount of $3,516,845.95. The order further provided that the issues of payments previously made by the defendant and the rate of interest would be decided by the court at a later date. Finally,

the order provided that there was no just reason to delay enforcement of the judgment or appeal of the order as it related to the revival of the judgment. The defendant filed a notice of appeal from the April 12, 2001, order on May 14, 2001, which was docketed in this court as No. 1—01—1890.

Subsequently, on July 18, 2001, the circuit court entered an order which determined the rate and amount of interest due on the judgment and the amount of the payments from the defendant to be credited to the unpaid principal amount of the judgment. The defendant then filed a second notice of appeal on August 7, 2001, from the July 18, 2001, order. That appeal was docketed in this court as No. 1—01—3063.

On October 17, 2001, this court granted the defendant's motion to consolidate the appeals.

On appeal, the defendant raises the following issues: whether the 1992 Florida judgment can be enforced in Illinois and whether a foreign judgment can be revived in Illinois. The plaintiff raises an issue as to this court's jurisdiction to consider this appeal.

## Analysis

### I. Appellate Jurisdiction

In his jurisdictional statement in appeal No. 1—01—1890, the defendant states that this court has jurisdiction pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) based on the circuit court's finding in its April 12, 2001, order that the issues were final and appealable.

■ The purpose of the jurisdictional statement required by Supreme Court Rule 341(e)(4)(ii) (177 Ill. 2d R. 341(e)(4)(ii)) is not merely to tell this court that it has jurisdiction. *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 791, 737 N.E.2d 1094, 1096 (2000). Instead, the jurisdictional statement requirement was intended to provoke counsel to make an independent review of the right to appeal before writing the brief. *Ginnell*, 316 Ill. App. 3d at 791, 737 N.E.2d at 1096.

■ Rule 304(a) provides in pertinent part that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate part thereof. *Blott v. Hanson*, 283 Ill. App. 3d 656, 660, 670 N.E.2d 345, 348 (1996). A Rule 304(a) finding

does not make a nonfinal order appealable; rather, a Rule 304(a) finding makes a final order appealable where there are multiple parties or claims in the same action. *Blott*, 283 Ill. App. 3d at 660, 670 N.E.2d at 348.

In the present case, there was a single plaintiff and a single defendant and only one claim, *i.e.*, the revival of the plaintiff's judgment. In addition, the July 18, 2001, order provided in pertinent part as follows:

> "THIS CAUSE coming before the Court for further hearing on the motion of Revolution Portfolio, LLC, to revive its judgment, and on the response of Joseph S. Beale regarding post-judgment interest and the application of payments made by him ***."

The order concluded with the judgment being further revived in the amount of $6,108,683.78.

It is clear from the language of the order that the circuit court was still acting on the petition to revive the judgment and that the remaining issues of the postjudgment interest and credit for payments were not separate claims but issues in the revival claim. Therefore, the April 12, 2001, order which reserved the issues of the payments and interest rate on the judgment entered by the circuit court was a nonfinal order and not appealable even with the Rule 304(a) language.

■ The defendant points out that the circuit court's order of July 18, 2001, disposed of all pending matters in the case and constituted a final order, and therefore, this court has jurisdiction based upon his second notice of appeal. However, the defendant's second notice of appeal only specified the July 18, 2001, order. Supreme Court Rule 303(b)(2) (155 Ill. 2d R. 303(b)(2)) provides that the notice of appeal shall "specify the judgment *** appealed from." Therefore, the defendant's appeal in this case would be limited to the issues presented by the July 18, 2001, order, namely, the postjudgment interest and the credit-for-payments issues.

Nonetheless, the notice of appeal is to be liberally construed and unless the appellee is prejudiced, the appellant's failure to comply strictly with the form of the notice is not fatal if the deficiency is one of form and not substance. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433-34, 394 N.E.2d 380, 383 (1979). An unspecified judgment is reviewable if it is a " 'step in the procedural progression leading' to the judgment specified in the notice of appeal." *Burtell*, 76 Ill. 2d at 435, 394 N.E.2d at 383, quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977).

Since the April 12, 2001, order was not a final order, the appeal in No. 1—01—1890 must be dismissed. However, since the April 12, 2001, order was in the procedural progression leading up to the entry

of the July 18, 2001, order, and in the absence of any apparent prejudice to the plaintiff in this case, the failure to specify the April 12, 2001, order in the notice of appeal does not prevent this court from reviewing the merits of the issues raised on appeal by the defendant stemming from the April 12, 2001, order.[1, 2]

## II. Standard of Review

■ Issues as to statutory construction are reviewed *de novo*. *People v. Whitney*, 188 Ill. 2d 91, 98, 720 N.E.2d 225, 229 (1999).

## III. Discussion

### A. Enforcement of the Florida Judgment in Illinois

The defendant contends that Illinois's seven-year limit on enforcement of judgments applies to the enforcement of foreign judgments.[3] Since the Florida judgment was entered nine years ago, the defendant maintains that the judgment cannot be enforced in Illinois.

■ In Illinois, apart from exceptions not applicable in this case, no judgment can be enforced after the expiration of seven years from the time the judgment is rendered, unless the judgment is revived by a proceeding provided for in section 2—1601 of the Code of Civil

---

[1]*E.M. Melahn Construction Co. v. Village of Carpentersville*, 100 Ill. App. 3d 544, 427 N.E.2d 181 (1981), does not require a different result. In that case, defendant filed a notice of appeal from a jury verdict prior to the trial court's ruling on the issue of prejudgment interest, but without a finding as to Rule 304(a). After the trial court ruled on the prejudgment interest issue, the defendant filed a second notice of appeal which was limited to the order awarding the prejudgment interest. The reviewing court distinguished *Burtell*, stating that in the case before it, the issue of whether the plaintiff was entitled to prejudgment interest was only indirectly dependent on the judgment entered on the jury verdict, and thus, the defendant's failure to include judgment on the verdict in his second notice of appeal was a substantive failure. Therefore, the court would decline to review issues stemming from judgment on the verdict except as they impacted the issue of prejudgment interest. In the present case, however, the interest and credit for payment issues were part of the revival claim, and the July 18, 2001, order indicated that the revival claim was still being heard.

[2]The plaintiff suggests that there are still issues pending with regard to the registration of the Florida judgment. However, those issues were resolved when the circuit court denied the defendant's motion to quash.

[3]In *Pinilla v. Harza Engineering Co.*, 324 Ill. App. 3d 803, 755 N.E.2d 23 (2001), *appeal allowed*, 197 Ill. 2d 584, 763 N.E.2d 277 (2001), this court held that the limitations period in section 12—108 did not apply to the registration (as opposed to the enforcement) of a foreign judgment.

Procedure (735 ILCS 5/2—1601 (West 1998)). See 735 ILCS 5/12—108(a) (West 1998).

In *In re Estate of Sarron*, 317 Ill. App. 3d 402, 736 N.E.2d 133 (2000), the claimant sought enforcement of Florida judgments rendered in 1982, 1983 and 1988. The trial court allowed the claims in full. On review, however, the appellate court reversed, holding that because the claimant failed to register the judgments in Illinois prior to the expiration of the applicable five-year statute of limitations, the claims were barred. *Sarron*, 317 Ill. App. 3d at 406, 736 N.E.2d at 136.[4] See also *In re Marriage of Kramer*, 253 Ill. App. 3d 923, 625 N.E.2d 808 (1993).

While we agree with the defendant that the seven-year limitations period contained in section 12—108(a) is applicable to foreign judgments as well as to domestic ones, nonetheless, section 12—108(a) further provides that the judgment can be enforced if it has been revived in accordance with section 2—1601. 735 ILCS 5/2—1601, 12—108(a) (West 1998).

Section 13—218 of the Code of Civil Procedure (the Code) provides that judgments in the circuit court may be revived as provided by section 2—1601, within 20 years next after the date of the judgment and not after. 735 ILCS 5/13—218 (West 1998).

Contrary to the defendant's argument, a judgment does not have to be revived prior to the expiration period contained in section 12—108(a) but may be revived up to 20 years after the judgment is entered. See *First National Bank of Marengo v. Loffelmacher*, 236 Ill. App. 3d 690, 695, 603 N.E.2d 80, 83-84 (1992) (the court noted that since, under section 12—108, a judgment could be enforced within seven years from the time it was rendered, it would make no sense to require that the revival must also take place within the same seven-year period).

The defendant's reliance on the holdings in *Sarron* and *Kramer* is misplaced. In neither case did the parties seek to revive their respective judgments pursuant to section 2—1601.

The defendant's reliance on *Citibank (South Dakota), N.A. v. Phifer*, 181 Ariz. 5, 887 P.2d 5 (1994), is equally misplaced. In that case, the court held that while filing a foreign judgment under the Uniform Act (Ariz. Rev. Stat. §§ 12—1701 through 12—1708 (1994)) domesticated the judgment for purposes of enforcement, it remained a foreign judgment subject to the time limitations applicable to foreign

---

[4]The five-year statute of limitations (see 735 ILCS 5/13—205 (West 1996)) applies to foreign judgments rendered prior to 1991. *Sarron*, 317 Ill. App. 3d at 405, 736 N.E.2d at 135.

judgments set forth in the Arizona statutes. *Phifer*, 181 Ariz. at 6, 887 P.2d at 6. However, in that case, the Arizona statutes provided a limitations period specifically governing foreign judgments. In Illinois, there is no separate limitations period governing foreign judgments.

■ Section 12—652 of the Act provides in pertinent part as follows:

> "(a) A copy of any foreign judgment authenticated in accordance with the acts of Congress or the statutes of this State may be filed in the office of the circuit clerk for any county of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any county of this State and may be enforced or satisfied in like manner." 735 ILCS 5/12—652(a) (West 1998).

A foreign judgment filed under this section is treated as an Illinois judgment. *Johnson v. Johnson*, 267 Ill. App. 3d 253, 255, 642 N.E.2d 190, 192 (1994).

We therefore hold that enforcement of the Florida judgment in Illinois is not barred by the seven-year limitations period if that judgment has been revived.

## B. Revival of a Foreign Judgment

The defendant then contends that section 2—1601 is not applicable to a foreign judgment.

The defendant maintains that the language of section 2—1601 requires the filing of the petition to revive where the original judgment was entered. Otherwise, he reasons, the language requiring the filing of a petition where the original judgment was entered is rendered void or superfluous if a Florida judgment may be revived in Cook County. See *Village of Mundelein v. Franco*, 317 Ill. App. 3d 512, 520, 740 N.E.2d 801, 807 (2000) (statutory construction should not render part of a statute superfluous).

■ Section 2—1601 provides as follows:

> "Scire facias abolished. Any relief which heretofore might have been obtained by scire facias may be had by employing a petition *filed in the case in which the original judgment was entered*, and notice shall be given in accordance with rules." (Emphasis added.) 735 ILCS 5/2—1601 (West 1998).

*Scire facias* is defined as:

> "A writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." Black's Law Dictionary 1347 (7th ed. 1999).

Contrary to the defendant's argument, the plain language of section 2—1601 does not require that the proceeding to revive the judgment be filed in the same *court* as the judgment was issued. Section 2—1601 requires that the revival proceeding be filed in the same *case* as the one in which the original judgment was entered. 735 ILCS 5/2—1601 (West 1998).

A *scire facias* proceeding, that is, an action to revive a judgment, is not a new proceeding, but a continuation of the suit in which the judgment was originally entered. *Dec v. Manning*, 248 Ill. App. 3d 341, 349, 618 N.E.2d 367, 373 (1993). Thus, no new case was created when the Florida judgment was registered in Illinois. It is merely a continuation of the Florida proceeding. As we previously observed, a foreign judgment filed in accordance with section 12—652 is treated as an Illinois judgment. *Johnson*, 267 Ill. App. 3d at 255, 642 N.E.2d at 192. Therefore, since Illinois judgments may be revived, nothing in section 2—1601 bars revival of a foreign judgment.

The defendant relies on language found in *Industrial National Bank of Chicago v. Shalin*, 330 Ill. App. 498, 72 N.E.2d 52 (1947). In that case, the reviewing court stated:

> "A suit for a revival of judgment by *scire facias* is a highly technical proceeding, and the court must have jurisdiction of all of the parties to the original action. *Scire facias* proceedings must be brought in the original proceedings and in the same court, but an action of debt upon a judgment may be brought in another court, and even in another state. [Citation.]" *Shalin*, 330 Ill. App. at 504, 72 N.E.2d at 55.

We note that *Shalin* was decided prior to the abolishment of *scire facias*. See Pub. Act 81—268, eff. August 28, 1979 (amending Ill. Rev. Stat. 1979, ch. 110, par. 55 (now 735 ILCS 5/2—1601 (West 1998))).[5]

■ In the exercise of statutory construction, the court's primary task is to ascertain and effect the intent of the legislature. *People v. Pullen*, 192 Ill. 2d 36, 42, 733 N.E.2d 1235, 1238 (2000). Our inquiry must always begin with the language of the statute, which is the surest and most reliable indicator of legislative intent. *Pullen*, 192 Ill. 2d at 42, 733 N.E.2d at 1238. The language of a statute must be given its plain and ordinary meaning, and where the statutory language is clear and unambiguous, we have no occasion to resort to aids of construction. *Pullen*, 192 Ill. 2d at 42, 733 N.E.2d at 1238. Nor, under the guise of statutory interpretation, can we "correct" an apparent legisla-

---

[5]Prior to the abolishment of *scire facias*, the law provided that any relief that could have been obtained by *scire facias* may be had by employing an ordinary civil action. See Ill. Rev. Stat. 1955, ch. 110, par. 55.

tive oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language. *Pullen*, 192 Ill. 2d at 42, 733 N.E.2d at 1238.

The clear language of section 2—1601 does not require that the petition be filed in the original court. In keeping with the rules of statutory construction, we may not read into section 2—1601 such a requirement.

■ Moreover, section 2—1601 abolished *scire facias*, but allows for the relief formerly obtained by *scire facias* to be had by filing a petition in the case in which the original judgment was entered. " 'If a statute is enacted which covers an area formerly covered by common law, such statute must be construed as adopting common law unless there is clear and specific language showing that change in the common law was intended by the legislature.' " *Renzi v. Morrison*, 249 Ill. App. 3d 5, 7-8, 618 N.E.2d 794, 796 (1993), quoting *Berlin v. Nathan*, 64 Ill. App. 3d 940, 956, 381 N.E.2d 1367, 1378 (1978).

Under common law *scire facias*, proceedings were required to be brought in the same court and in the original proceedings. The legislature's decision to use the term "in the case in which the original judgment was entered" in the newly enacted statute is a clear indication that the legislature intended a change from the common law in that respect.

We therefore hold that foreign judgments may be revived pursuant to section 2—1601.

We conclude that the trial court did not err in reviving the Florida judgment in this case. That revived judgment may be enforced in Illinois.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WOLFSON and SOUTH, JJ., concur.