2020 IL App (1st) 182689-U

No. 1-18-2689

Order filed June 26, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| RHEA LODWAL, | ) | Cook County. |
|     Petitioner, | ) | |
| | ) | No. 14 D 330986 |
|    and | ) | |
| | ) | Honorable |
| HEMANT KUMAR BHAGWAT, | ) | Karen J. Bowes, |
|     Respondent-Appellant, | ) | Judge, Presiding. |
| | ) | |
| (Kathryn Ciesla and Ciesla Beeler, LLC, Fee Petitioner-Appellees). | ) | |
| | ) | |

_____

JUSTICE HALL delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order granting the guardian *ad litem*'s petition for fees pursuant to sections 506 and 508(b) (750 ILCS 5/506, 508(b) (West 2018)) of the Illinois Marriage and Dissolution of Marriage Act.

¶ 2    Respondent-appellant, Hemant Kumar Bhagwat (respondent), appeals from an order of the circuit court which granted fee petitioner-appellees, Kathryn Ciesla (guardian *ad litem*) and Ciesla Beeler, LLC, petition for attorney fees pursuant to sections 506 and 508(b) (750 ILCS 5/506,

508(b) (West 2018)) of the Illinois Marriage and Dissolution of Marriage Act (Act), and denied his motion to reconsider. For the reasons that follow, we affirm the order of the circuit court.

¶ 3                              BACKGROUND

¶ 4      On October 15, 2014, Rhea Lodwal (Lodwal), respondent's former spouse, filed a petition for dissolution of marriage. On December 4, 2015, the circuit court entered an order which appointed Kathryn Ciesla as guardian *ad litem* (GAL) for the parties' minor child. The order also provided that respondent and Lodwal would pay the GAL temporary attorney fees in the amount of $1,500 each within seven days of the order, and that the appointment would terminate only upon further order of the court.

¶ 5      On November 17, 2016, the circuit court entered a final judgment for dissolution of marriage which incorporated the parties' marital settlement agreement (together agreement). The judgment provided that the parties were equally responsible for the outstanding balance of the GAL's attorney fees and costs and that "the court shall retain jurisdiction as to the guardian *ad litem*'s fees." The record reflects that after the judgment was entered, respondent and Lodwal continued to disagree regarding issues related to the minor child.

¶ 6      The record further reflects that on June 22, 2017, the court ordered respondent and Lodwal to pay the GAL $1,500 each. On August 31, 2017, respondent failed to appear, and, once again, the court ordered respondent to pay $1,500 to the GAL.

¶ 7      On December 1, 2017, the GAL filed a statement of fees pursuant to section 506 of the Act requesting $1,968.63 each from respondent and Lodwal and a $1,500 retainer from both parties and attached a detailed description of the attorney fees. On December 8, 2017, the court found that the GAL attorney fees were reasonable and necessary and that the billing rate for the attorney fees was appropriate.

¶ 8    On January 12, 2018, the GAL filed a second statement of fees pursuant to sections 506 of the Act requesting $2,571.75 from Lodwal and $3,571.75 from respondent. The statement indicated that Lodwal had entered into a payment plan for the GAL fees and was making timely payment, but that respondent had refused to make payment.

¶ 9    On February 2, 2018, following a hearing on Lodwal's petition for rule to show cause filed against respondent related to issues involving the minor child, the court also ordered the parties to pay the GAL $4,750 each, within 30 days.

¶ 10   On March 7, 2018, the GAL filed a petition for indirect civil contempt (petition for contempt) against respondent for his failure to comply with the court's February 2 order to pay the GAL fees. On March 13, 2018, the GAL filed a third statement of fees pursuant to section 506 of the Act requesting payment from respondent and Lodwal in the amount of $3,256.97 each. On March 16, 2018, the court ordered respondent to respond to the petition for contempt and the statement of fees within 21 days. On March 27, 2018, the court granted respondent an additional 28 days to respond to the GAL's petition for contempt. On April 6, the court ordered respondent to pay the GAL $800 by April 10, granted the GAL leave to file a supplemental statement of fees, and granted respondent 28 days to respond to the new statement of fees. The court also issued a rule to show cause against respondent for failure to comply with the February 2, order, with a return date of May 21, 2018.

¶ 11   On April 20, 2018, the GAL filed a fourth statement of fees pursuant to section 506 of the Act requesting payment from the parties in the amount of $6,210.85 each. On May 21, 2018, respondent filed his response to the GAL's petition for contempt. On that same date, the court held respondent in contempt of court for failure to comply with its February 2 order, but stayed

respondent's commitment until June 22, 2018, pending his payment of $4,750. The GAL's resignation was also accepted by the court *instanter*.

¶ 12 The record reflects that an order of adjudication of indirect civil contempt and/or order of commitment was entered on June 25, 2018, committing respondent to the Cook County jail with a cash bond of $4750 for failure to comply with the court's orders. The adjudication order also indicated that respondent did not give any legally sufficient reasons for his failure to comply with the court's February 2 order, even though he had the means, and that his failure to comply was willful and contumacious. Respondent's motion to reconsider and vacate the contempt order was denied. Respondent was released from jail after he paid the $4750 cash bond on June 26, 2018.

¶ 13 On June 28, 2018, the GAL was granted leave to file a final statement of fees pursuant to section 506 of the Act requesting payment from respondent and Lodwal in the amount of $6,210.85 each for fees incurred. After the GAL fee petition was filed, on August 3, the court entered an order granting the petition for fees. The court held that the GAL attorney fees were reasonable and necessary, and that the rate of $375 per/hour was fair, appropriate, and commensurate with others in the community. The court entered judgment pursuant to section 506 in the amount of $6,210.85 each against both respondent and Lodwal and entered judgment pursuant to section 508(b) against respondent in the amount of $3,371.15 plus costs. The respondent failed to appear at this hearing.

¶ 14 On August 16, 2018, respondent filed a notice of motion to reconsider and vacate the court's June 25, 2018, order for adjudication of contempt. Respondent failed to appear at the hearing. The record reflects that on September 4, respondent filed a motion to vacate the court's August 3, 2018, order granting the GAL's petition for attorney fees. After a hearing on September 14, with the GAL's agreement, the court entered an order vacating the August 3, order, and granted respondent 28 days to respond to the GAL fee petition.

¶ 15    On October 12, 2018, respondent filed a motion for an extension of time to file a response to the GAL's fee petition, which was granted and extended until November 2, 2018. Respondent filed his response timely.

¶ 16    After reviewing all the documents filed by the parties related to the GAL's fee petition, on December 5, 2018, the court entered an order which: denied respondent's second oral motion to reconsider[1] and vacate the contempt order entered on June 25, 2018; entered judgment on the GAL's section 508(b) attorney fee petition for $3,371.15, and section 506 attorney fee petition for $6,210.85; found that GAL's hourly rate was standard and customary and that the charges were reasonable; and established a payment plan for respondent.

¶ 17    On December 14, 2018, respondent filed this timely appeal.

¶ 18                                    DISCUSSION

¶ 19    Respondent's issues can be summarized as follows: (1) whether the circuit court erred when it ordered him to pay excessive GAL fees based upon illegitimate reasoning and lack of evidence provided by the GAL within 90 days; and (2) whether it was just and proper for the GAL fees to be equally divided between respondent and his former spouse.

¶ 20    Prior to addressing these issues, we initially observe that respondent's brief does not comply with numerous subsections of Illinois Supreme Court Rules 341 (eff. May 25, 2018) and 342 (eff. July 1, 2017) which contain the requirements related to the form and content of appellate briefs. Specifically, respondent violated Rule 341(h)(6) and (7) (eff. May 25, 2018) because he failed to provide "facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal," and failed to provide adequate citations to authority with citations to the record on appeal.

---

[1] Respondent made an oral motion to reconsider during the September 14, 2018, hearing.

Ill. S. Ct. R. 341(6), (7) (eff. May 25, 2018). Illinois Supreme Court Rules 341(h)(6) and (7) require citations to the record because "it is not our duty to search the record for material upon which to base a reversal." *Farwell Construction Co. v. Ticktin*, 84 Ill. App. 3d 791, 802 (1980). Respondent also violated Rule 341(h)(4) (eff. May 25, 2018) by failing to provide an appropriate statement of jurisdiction. The purpose of requiring a jurisdictional statement is not merely to tell this court that it has jurisdiction, but to provoke counsel, here the *pro se* respondent, into making an independent review of the right to appeal, before writing the brief. *Hall v. Naper Gold Hosp. LLC*, 2012 IL App (2d) 111151, ¶ 8 (citing *Revolution Portfolio, LLC v. Beale,* 332 Ill. App. 3d 595, 598 (2002)). These violations are particularly troubling because the voluminous common law record filed on appeal is in excess of 1500 pages which required this court to expend extraordinary amounts of time deciphering whether it is vested with jurisdiction and what documents support respondent's facts.

¶ 21    Respondent also violated Rule 341(g), (h)(3) (eff. May 25, 2018), and Rule 342 (eff. July 1, 2017) because he failed to provide adequate citations to authority, failed to provide succinct issues, without detail, failed to set forth the standard of review, and failed to provide an appendix in compliance with the rules. Furthermore, in addition to the violations of Rule 341(h)(7) (eff. July 1, 2008), the argument section of respondent 's brief provides incorrect or no citations for his arguments, provides citations that do not support his argument, and proffers confusing and inconsistent arguments. As a reviewing court, we are entitled to have the issues clearly defined with pertinent authority cited. *McCann v. Dart,* 2015 IL App (1st) 141291, ¶ 15, (quoting *Northwestern Memorial Hospital v. Sharif,* 2014 IL App (1st) 133008, ¶ 20)). An appellant cannot expect this court to develop arguments and research the issues on the appellant's behalf. See

*Northwestern Memorial Hospital,* 2014 IL App (1st) 133008, ¶ 20, (quoting *In re Estate of Kunz,* 7 Ill. App. 3d 760, 763 (1972)).

¶ 22     Our supreme court's rules are not mere suggestions but are mandatory. *Slater v. Illinois Labor Relations Bd. , Local Panel*, 2019 IL App (1st) 181007, ¶¶ 10-11 (citing *Hall, LLC*, 2012 IL App (2d) 111151, ¶ 7)); *In re Marriage of Hluska,* 2011 IL App (1st) 092636, ¶ 57. "Supreme Court Rule 341 governing the form and contents of briefs is not just an arbitrary exercise of the supreme court's supervisory powers; its end purpose is that a reviewing court may properly ascertain and dispose of the issues involved." *Tannenbaum v. Lincoln National Bank,* 143 Ill. App. 3d 572, 574–75 (1986). The purpose of these rules is to require the parties to present clear and orderly arguments before a reviewing court, so that the court can properly ascertain and dispose of the issues involved. *Hall,* 2012 IL App (2d) 111151, ¶ 7. A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or, in rare cases, dismiss an appeal for serious rule violations. *Slater*, 2019 IL App (1st) 181007, ¶¶ 10-11 (citing *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993)); *Epstein v. Galuska,* 362 Ill. App. 3d 36, 42 (2005).

¶ 23     Also, respondent, as a *pro se* litigant, is not entitled to more lenient treatment than attorneys. See *Lewis v. Heartland Food Corp.,* 2014 IL App (1st) 123303, ¶ 5 ("*Pro se* litigants are not excused from following the rules that dictate the form and content of appellate briefs."). In Illinois, parties choosing to represent themselves without a lawyer are "presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico,* 394 Ill. App. 3d 1052, 1067 (2009).

¶ 24    However, despite the deficiencies in respondent's brief, we choose to reach the merits of this case as meaningful review is not precluded. Regarding our jurisdiction, respondent challenges the circuit court's December 5, 2018, order which entered judgment in favor of the GAL and granted the attorney fee petition. This order was final and appealable as it disposed of the rights of respondent and the GAL, related to attorney fees in a post-decree dissolution proceeding. See *In re Marriage of Justema*, 95 Ill. App. 3d 483, 485–86 (1981) (The judgment entered in favor of the attorney awarding attorney fees pursuant to section 508(b) upon which execution was directed to issue disposed of the rights of the parties to that extent and must be considered as final and appealable). In addition, the merits can be addressed as we have the benefit of the GAL's cogent brief to assist in our review.

¶ 25    Turning to the merits, section 506 of the Act (750 ILCS 5/508 (West 2018)), provides the circuit court with the authority to appoint an attorney or GAL for the minor child in a dissolution proceeding and award fees as appropriate. Specifically, section 506 provides in relevant part that, "[t]he court shall enter an order for costs, fees and disbursements in favor of the child's attorney and guardian *ad litem,* as the case may be. The order shall be made against either or both parents, or against the child's separate estate." The decision regarding the allowance and amount of fees to be awarded a guardian *ad litem* rests within the sound discretion of the trial court and will not be disrupted on review unless the discretion is clearly abused. *In re Marriage of Soraparu*, 147 Ill. App. 3d 857, 864 (1986) (citing *Gibson v. Barton*, 118 Ill. App. 3d 576, 582 (1983).

¶ 26    Section 506(b) provides that the guardian *ad litem* shall file a detailed invoice for every 90–day period following the appointment, and the court shall review these invoices and approve the fees if they are reasonable and necessary. 750 ILCS 5/506(b) (West 2018). Also, the granting of a fee award is improper where no evidence is presented concerning the services performed, the

basis of the award, or the reasonableness of the fees charged for the services performed. *Id*. The amount to be awarded depends upon the factors and circumstances of each case. *Id*. at 864 (citing *Gibson*, 118 Ill. App. 3d at 582).

¶ 27 Section 508(b) also provides that, "[i]n every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 2018); *In re Marriage of Pond & Pomrenke*, 379 Ill. App. 3d 982, 988 (2008); *Michaelson v. Michaelson,* 359 Ill. App. 3d 706, 715 (2005).

¶ 28 In this case, respondent does not contest that the GAL was entitled to fees. He contends that the GAL's fees were excessive, unsupported by the evidence, and included charges incurred by other clients. Respondent's contentions are either contrary to or not supported by the evidence in the record.

¶ 29 With regard to the GAL fees incurred pursuant to section 506, the record reflects that after she was appointed on December 4, 2015, the GAL filed five statements of fees and one supplemental statement detailing fees incurred for services rendered on behalf of the minor child. As such, respondent's argument that the court's award of fees was based upon illegitimate reasoning and lack of evidence is unsupported by the evidence and patently false. It is true that the Act requires the GAL to file a detailed invoice for every 90–day period following her appointment, and the court shall review these invoices and approve the fees if they are reasonable and necessary (see 750 ILCS 5/506(b) (West 2018)), and the record does not contain any statement of fees until December 1, 2017, two years after her appointment. However, the record does not indicate that respondent sought to enforce this provision. In fact, the respondent did not respond to the GAL's

request for fees until May 21, 2018, after the GAL had already filed four statements for fees she had incurred. This was also the same date the court issued a rule to show cause against respondent for failure to comply with its February 2, order to pay said fees.

¶ 30    With regard to the amount of the GAL attorney fees, after reviewing all of the documents presented in support of her request, the circuit court determined that the hourly rate and the total amount of attorney fees were reasonable and commensurate with others rendering similar services within the community. Respondent did not present any evidence in opposition but, after receiving several continuances to respond to the GAL's statements, proffered unsupported arguments, as he does here, that the fees were excessive. Also, his contention that it was unclear how much his former spouse was charged or that she was not charged at all for the GAL fees is irrelevant, conclusory, and unsupported by the record. Respondent's obligation to pay is not contingent upon whether his former spouse has rendered payment. It is completely independent. Further, the record reflects that respondent did not engage in a payment plan, did not abide by court orders to begin payments, failed to appear in court to address his failure to pay, and was afforded numerous opportunities to comply.

¶ 31    In addition, the record reflects that the court apportioned the GAL fees equally between respondent and his former spouse, as such, respondent's contention that the fees were divided unequally, that he was not provided with a reasonable payment plan, and that he was unfairly charged fees and his former spouse was not, is belied by the record. Equally troubling are respondent's contentions that the circuit court's December 5, 2018, order must be reversed because it was based upon padded and falsified billing and invoices. There is nothing in the record to support this contention. The record reflects that respondent repeatedly failed to appear at scheduled

hearing dates and on several occasions the court patiently awaited his arrival to no avail. Respondent's inaccurate statements without support or citation to the record are therefore rejected.

¶ 32    Notably, although respondent appeals from the circuit court's December 5, 2018, order which entered judgment in favor of the GAL, this order was entered after respondent's two motions to reconsider and vacate were denied. The respondent had failed to appear at a prior hearing on August 3, 2018, in which the court had already entered judgment against him pursuant to section 506 in the amount of $6,210.85 and section 508(b) in the amount of $3,371.15 plus costs. Both of these orders entering judgment in favor of the GAL were entered after respondent was found in contempt of court for failure to comply with the court's orders regarding the GAL's fees and served time in Cook County jail. Further, respondent was not present during the hearing on December 5, but was represented by counsel. Counsel informed the court that she instructed respondent to be present, that he knew he should have been present, but he chose not to attend. The court afforded respondent ample opportunity to comply with its orders.

¶ 33    The circuit court stated that it reviewed all documentation and determined that the GAL fees and apportionment were reasonable. We find that the circuit court did not abuse its discretion by awarding the GAL attorney fees pursuant to section 506 of the Act.

¶ 34    Regarding fees incurred pursuant to section 508(b), although respondent appeals the entire December 5, 2018, order, he does not present any argument on appeal specifically addressing the circuit court's entry of judgment related to those fees. It is not the job of this court to piece together respondent 's argument. *Melamed v. Melamed*, 2016 IL App (1st) 141453, ¶ 29 (citing *Universal Public Transportation, Inc.,* 2012 IL App (1st) 073303–B, ¶ 50). Therefore, any issues related to the entry of judgment pursuant to section 508(b) have been waived. Ill. S.Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 35                                    CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 37    Affirmed.