2024 IL App (1st) 241078-U

THIRD DIVISION
July 31, 2024

No. 1-24-1078

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TAG HOLDINGS, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22 CH 4478 |
| | ) | |
| JOE RIZZA, JOE RIZZA FORD OF ORLAND PARK, | ) | |
| INC., and 8100 WEST, LLC, | ) | Honorable |
| | ) | Michael T. Mullen, |
| Defendants-Appellants. | ) | Judge Presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    ***Held***:  We dismiss this appeal for lack of jurisdiction because the challenged order was a permanent injunction not appealable as an interlocutory order under Rule 307(a)(1). Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 2    The circuit court ordered TAG Holdings, LLC ("TAG") and Joe Rizza, Joe Rizza Ford of

Orland Park, Inc., and 8100 West, LLC (collectively "Rizza") to close on a real estate transaction.

On appeal, Rizza seeks review of that order pursuant to Illinois Supreme Court Rule 307(a)(1). Ill. Sup. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 3                                    BACKGROUND

¶ 4      TAG offered to buy an automobile dealership and the underlying real estate from Rizza. The transaction included (1) the purchase of real estate under a purchase and sale agreement ("PSA"), (2) the purchase of the dealership and other assets located on the real estate under an asset purchase agreement ("APA"), and (3) a letter obligating Rizza to provide financing to TAG for the APA.

¶ 5      After initial agreement but apparent subsequent disagreement over the details of the transaction, the parties did not close the deal. TAG filed a four-count complaint against Rizza. Counts I and III requested specific performance and damages, respectively, as to the PSA, while counts II and IV requested the same remedies as to the APA. The parties filed cross-motions for summary judgment on all counts. The court granted TAG's motion for summary judgment on count I and ordered the parties to close on the real estate sale under the PSA, and the court dismissed count III as moot because it had already granted specific performance on count I. The court denied TAG's motion for summary judgment on count II and granted Rizza's motion for summary judgment on that count. The court denied Rizza's cross-motion for summary judgment as to count IV. TAG filed a motion to reconsider the court's ruling on count II. Count IV remains pending.

¶ 6      Rizza seeks to appeal the court's grant of summary judgment as to count I only.

¶ 7                                    ANALYSIS

¶ 8      On appeal, Rizza argues that the circuit court erred in ordering the parties to close on a real estate transaction.

¶ 9     As a threshold matter, we note that the parties disagree as to whether we have jurisdiction to consider this appeal. Rizza argues that the circuit court's order constitutes a preliminary injunction appealable under Supreme Court Rule 307(a)(1). Ill. S. Ct. R. 301(a)(1) (eff. Nov. 1, 2017). TAG argues that we lack jurisdiction because, among other issues, the order is not a preliminary injunction.

¶ 10     Supreme Court Rule 307(a)(1) allows a party to appeal from an interlocutory order of the circuit court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 301(a)(1) (eff. Nov. 1, 2017). In Illinois, there are three types of injunctive relief: a temporary restraining order, a preliminary injunction, and a permanent injunction. *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27. A temporary restraining order is meant to be in place for a brief time and is an extraordinary remedy in the sense that it can be issued without notice. *Id.* ¶¶ 27-28. It is an order meant to preserve the status quo until the circuit court can hold a hearing to determine if it should grant a preliminary injunction. *Id.* A preliminary injunction provides an injured party relief and maintains the status quo until the court can hold a trial on the merits. *Id.* Both temporary restraining orders and preliminary injunctions preserve the status quo until further proceedings, are "limited in duration" and do not "extend beyond the conclusion of the action," and do not conclusively resolve the parties' rights. *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009). Therefore, both orders are interlocutory injunctions. *Id.* By contrast, a permanent injunction is an order "of unlimited duration" that " 'alters the status quo,' meaning that it adjudicates rights between the interested parties." *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 222 (2000). A court may enter a permanent injunction only "after the party seeking the injunction demonstrates at 'a hearing on the merits' the requisite elements for permanent injunctive relief." *In re Marriage of Seffren*, 366 Ill. App. 3d 628, 637 (2006). A

"permanent injunction is a final order appealable only pursuant to Supreme Court Rules 301 or 304." *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 222 (2000). In other words, Rule 307(a)(1) does not allow a party to challenge a permanent injunction. *Santella*, 393 Ill. App. 3d at 903 (citing *Steel City Bank v. Village of Orland Hills*, 224 Ill. App. 3d 412, 417 (1991)).

¶ 11 Here, applying the standard set forth above, we conclude that the circuit court entered a permanent injunction by ordering specific performance of the sale of real estate. The court ordered the parties to close on the PSA by June 17, 2024. There is no indication that the court contemplated modifying or vacating this order later. Rather, the court permanently altered the status quo by ordering the transfer of real estate from one party to another. The court adjudicated both parties' rights and obligations as to the real estate. Permanent injunctions do not fall within the scope of Rule 307(a)(1), so we cannot review this injunction under that rule. See *id.*

¶ 12 We remind Rizza that Rule 341(h)(4) requires a statement of jurisdiction with the supreme court rule that confers jurisdiction upon the appellate court. Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020). The purpose of a jurisdictional statement is "not merely to tell this court that it has jurisdiction, but to provoke counsel into making an independent review of the right to appeal, before writing the brief." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 8 (citing *Revolution Portfolio, LLC v. Beale*, 332 Ill. App. 3d 595, 598 (2002)). An accurate jurisdictional statement is "necessary to the orderly administration of justice." *Id.* Here, Rizza has not provided the rule conferring jurisdiction on this court.

¶ 13 Because the circuit court entered a permanent injunction, that order is not appealable under Rule 307(a)(1). Rizza does not appeal under any other Supreme Court Rule. Accordingly, we lack jurisdiction to consider this appeal.

¶ 14          CONCLUSION

¶ 15  Because we lack jurisdiction to consider this appeal, we dismiss it.

¶ 16  Dismissed.